George C. SEEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–93–00778–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 31, 1994.

Bret W. Davis, San Antonio, for Appellant.

Alan E. Battaglia, Asst. Criminal District Attorney, San Antonio, for Appellee.

Before CHAPA, C.J., and STONE and HARDBERGER, JJ.

## OPINION

STONE, Justice.

Appellant pled guilty to indecency with a child. The plea bargain provided for punishment assessed at 6 years, $1,000 fine, that the State would remain silent on defendant's deferred adjudication/probation application, 320 hours of community service, no contact with victim, alcohol evaluation and sexual offender counseling, and to take into consideration two county court cases (both arising out of the same incident as the felony before the court). The trial court heard evidence on his application for deferred adjudication or probation, denied the application, and sentenced the defendant in accordance with the terms of the plea agreement. Motions for reconsideration and new trial were denied; however, the court granted appellant permission to appeal.

Appellant's sole point of error is that the prosecutor breached the State's agreement to remain silent on deferred adjudication/probation when, prior to sentencing, she informed the court that the victim and her family were present in the courtroom. Ap-

pellant claims this breach converted his guilty plea into an involuntary plea, which he should be permitted to withdraw. We find that appellant has not met his burden of showing a breach of the plea agreement which would render his plea involuntary and affirm the trial court.

The record reveals that the prosecutor's comment was made in the following context:

> MR. DAVIS: Your Honor, in the alternative of deferred adjudication, we would ask the Court to consider possibly resetting the matter for one full year and seeing how Mr. Seel does within that year period of time and having the Court assess the punishment, if you elect not to place Mr. Seel on deferred adjudication today.

> MS. BARRERA: Your, Honor, before we close the record, I would like to have the record reflect that also present in the court is the victim in this case, her mother and the victim's grandfather.

Whereupon, appellant's attorney and the judge each questioned the defendant about several other subjects. Then the judge asked:

> THE COURT: Do the complainants wish to say anything, address the Court or anything? They're welcome to. Ask them.

At this point, appellant's counsel raised an objection, informing the Court that the Code of Criminal Procedure allows the victim to testify after sentencing. The Court sustained the objection, and the prosecutor then stated:

> MS. BARRERA: Under the Code of Criminal Procedure, the victim or someone related to the victim can speak up after sentencing. They would like to reserve that right to speak to the Judge after sentencing and address the Court.

Mr. Davis then gave his closing argument and the Court denied the application and proceeded to sentence the defendant.

■ As part of a plea agreement, the State is free to negotiate away any right it may have to recommend a sentence. *United States v. Block*, 660 F.2d 1086, 1091 (5th Cir.1981), *cert. denied*, 456 U.S. 907, 102 S.Ct. 1753, 72 L.Ed.2d 164 (1982). Guilty pleas predicated upon a promise or agree-

ment by the prosecutor normally must be fulfilled. *Id.* at 1089–90. Indeed, to the extent such promise was an inducement or consideration in exchange for a guilty plea, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).

■ What is silence? Appellant argues that a promise of silence means that the prosecutor will not make any comment to the Court unless the Court has directly required information from the prosecutor. An agreement by the prosecutor to stand mute or to not take a position on sentencing has been construed by federal appeals courts to mean that the prosecutor is precluded from attempting to influence the sentencing judge. *See Block*, 660 F.2d at 1090–91; *United States v. Avery*, 589 F.2d 906, 908 (5th Cir. 1979); *United States v. Crusco*, 536 F.2d 21, 26 (3d Cir.1976). Thus, such an agreement restricts the State's right to make certain types of statements to the court. As the Fifth Circuit concluded in *Block*,

> [These cases do not] stand for the broad proposition that by making such agreements the Government forfeits all right to participate in either the presentence investigation or the sentence hearing. Instead the cases simply hold that an agreement to stand mute or take no position prohibits the Government from attempting to influence the sentence by presenting the court with conjecture, opinion, or disparaging information already in the court's possession. Efforts by the Government to provide relevant factual information or to correct misstatements are not tantamount to taking a position on the sentence and will not violate the plea agreement.

*Block*, 660 F.2d at 1091; *see also United States v. Goldfaden*, 959 F.2d 1324, 1328 (5th Cir.1992) (to extent government corrected factual misstatements in defendant's PSI report, government's memoranda did not violate its plea agreement to make "no recommendation" as to defendant's sentence).

Appellant argues that the prosecutor's comment that the victim and her family were present in the courtroom does not fall within the two exceptions to the rule that the State

is bound by its agreement to remain silent—namely, (1) where the prosecutor is aware the court lacks certain relevant factual information or is laboring under a mistaken premise, and (2) the prosecutor may provide factual information in response to a question by the court. *United States v. Block*, 660 F.2d at 1091. Appellant argues that the statement was intended to introduce the conjecture and the opinion of the victim and was intended to influence the court to focus only on the emotions of the victim.

The State argues that the prosecutor's comment to the court did not amount to a comment on the deferred adjudication/probation issue before the court at that hearing. The prosecutor couched her remarks with the phrase "Before we close the record...." We agree that the record is not clear that this statement was an attempt to influence the sentence. As we read the record there are two equally plausible motivations behind the prosecutor's remarks: (1) to influence the court to deny the application because the victim is present; or (2) to indicate to the court that the victim had made an effort to be present and wished to exercise her right to address the court, albeit at an appropriate time. We agree with appellant that a more appropriate response by the State would have been to object to any delay as being outside the plea agreement.

Appellant failed to immediately object to the prosecutor's comment at the hearing. His objection came a little later, in a slightly different context, when the court asked whether the victim had anything to say *before* he pronounced sentence. Attorneys on both sides then cautioned the court that victims were permitted to make a comment *after* sentencing. The record does not indicate that appellant was concerned about the prosecutor's remark at the time it was made. From the record before us, it is not clear whether the prosecutor violated the plea agreement.

The issue of delaying sentencing appears to have been raised for the first time during argument on the application for deferred adjudication. The State argues that the prosecutor's comment was in direct response to appellant's request for delay—an issue not covered by the plea agreement. Appellant responds that this point was merely a part of argument for purposes of the application and not a separate issue. It is the general rule in Texas that, if a plea agreement fails to address certain matters, a party to the agreement has no right to demand performance of terms not appearing in the agreement or record. *See Ex parte Williams*, 758 S.W.2d 785, 786 (Tex.Crim. App.1988) (en banc); *Crider v. State*, 848 S.W.2d 308, 311 (Tex.App.—Fort Worth 1993, pet. ref'd); *Mills v. State*, 799 S.W.2d 447, 449 (Tex.App.—Corpus Christi 1990, pet. ref'd).

The facts and the record in this case present a close call. The issue has been ably presented by counsel for the appellant and for the State. The record does not clearly establish that the prosecutor was attempting to influence the court to deny deferred adjudication. The context in which she spoke is ambiguous at best. Nevertheless, we caution the district attorney's office to tread very carefully when making statements after agreeing to remain silent on an issue pursuant to a plea agreement.