**Michael Wayne BESCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–01–00641–CR.**

Court of Appeals of Texas,
San Antonio.

May 29, 2002.

Discretionary Review Dismissed
Sept. 25, 2002.

Rafael Leal, San Antonio, for appellant.

W.C. Kirkendall, District Attorney— 25th & 274th Judicial Districts, Frank Follis, Assistant District Attorney—25th Judicial District, Seguin, for appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

Opinion by ALMA L. LÓPEZ, Justice.

Appellant, Michael Besch, was convicted of indecency with a child and sentenced to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings three issues

on appeal. Having found that the State breached a plea bargain agreement to remain silent on probation, we reverse.

## PROCEDURAL BACKGROUND

In March 1997, appellant was indicted for aggravated sexual assault. Pursuant to a plea bargain agreement, appellant pleaded guilty to the offense of indecency with a child. The trial court sentenced appellant to ten years confinement in the Texas Department of Corrections. Appellant did not appeal. In April 2000, appellant filed a writ of habeas corpus which the Court of Criminal Appeals granted in the form of an out-of-time appeal in September 2001. Appellant subsequently filed a motion for new trial and a notice of appeal. The trial court denied the motion for new trial but granted appellant permission to appeal. On appeal, appellant challenges the voluntariness of his plea and argues that he received ineffective assistance of counsel.

## PLEA BARGAIN AGREEMENT

■ Appellant argues that the State breached its plea bargain agreement to remain silent and not oppose probation when it made arguments to the court against him receiving deferred adjudication probation.[1] As a result, appellant ar-gues that he is entitled to withdraw his plea.

■ As part of a plea agreement, the State is free to negotiate away any right it may have to recommend a sentence. *United States v. Block*, 660 F.2d 1086, 1091–92 (5th Cir.1981). Guilty pleas predicated upon an agreement by the State normally must be fulfilled. *Id.* at 1089–90. Indeed, to the extent such promise was an inducement or consideration in exchange for a guilty plea, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If the State does not live up to its side of the agreement, the plea is rendered involuntary. *See Bryant v. State*, 974 S.W.2d 395, 398 (Tex.App.-San Antonio 1998, pet. ref'd).

The plea bargain agreement, in this case, indicates that in exchange for appellant's guilty plea, the State agreed to remain silent on probation.[2] An agreement by the State to remain silent has been construed by federal appeals courts to mean that the State is precluded from attempting to influence the sentencing judge. *Block*, 660 F.2d at 1090–91; *United States v. Avery*, 589 F.2d 906, 908 (5th Cir.1979); *United States v. Crusco*, 536 F.2d 21, 26 (3d Cir.1976). Thus, such an agreement restricts the State's right to make certain types of statements to the

---

1. The State's response is that the Court of Criminal Appeals has already decided this issue. The State argues that appellant raised this issue in his application for writ of habeas corpus and that the Court remanded the case to the trial court to develop findings of facts and conclusions of law. Although the trial court's findings and conclusions were not made part of the appellate record, the State alleges that the trial court found that the State did not violate the plea bargain agreement. The State argues that by granting an out-of-time appeal and not granting a new punishment hearing, the Court "apparently accepted" the trial court's finding. We do not agree. There is nothing in the record to indicate that the Court actually addressed this issue. In fact, the Court's opinion was based entirely on appellant's denial of his right to appeal.

2. The plea agreement reads, in part, as follows:

   [I]n exchange for the Defendant's agreement to plead guilty and to allow the State to prove its case by means of written stipulations, the State agrees to recommend punishment as follows: Open to Indecency w/ a child (silent on probation).

court. As the Fifth Circuit concluded in *Block,*

> [These] cases simply hold that an agreement to stand mute or take no position prohibits the Government from attempting to influence the sentence by presenting the court with conjecture, opinion, or disparaging information already in the court's possession. Efforts by the Government to provide relevant factual information or to correct misstatements are not tantamount to taking a position on the sentence and will not violate the plea agreement.

*Block,* 660 F.2d at 1091. This court has previously recognized *Block. See Seel v. State,* 949 S.W.2d 1, 2 (Tex.App.-San Antonio 1994, no writ).

At his sentencing hearing, appellant offered several character witnesses to testify on his behalf. Each witness asked the court to give appellant probation. At the end of testimony, the trial court asked if there were any other statements that needed to be made. Appellant's counsel proceeded to request that the court grant appellant probation. In response, the State argued:

> Judge, I just ask the Court to consider the circumstances of this offense; the fact that this Defendant has pled guilty to the charge and not no contest; has, as Counsel pointed out, done nothing to minimize his involvement or guilt in this case, although to some extent that may be to his credit, but it certainly takes away any doubt in the Court's mind. I don't think there is any question about this case that he has admitted guilt and says that he has done the things he has been accused of and he hasn't quibbled about that at all.

---

**3.** We note that appellant preserved his issue for appellate review by presenting it to the trial court in his motion for new trial. *See*

I would ask the court further to notice that in the pre-sentence investigation, as far as him doing something to meet with and help the victim, there is certainly no indication in there from the victim or her family that that is what they want at all. They have not indicated any desire to meet with him for whatever purpose. I frankly don't see what point can be made at this time with him having any further contact with the victim. His contact with the victim is past now.

> *We would ask the Court to consider particularly the Defendant's past record and the fact that he has been on a felony probation before and escaped punishment.*

I would ask the Court [sic] do as it sees fit according to the facts and evidence in this case.

Appellant argues that the State's response, specifically the portion asking the court "to consider particularly the Defendant's past record and the fact that he has been on felony probation before *and escaped punishment*" violated the plea bargain agreement.[3] We agree. The State's arguments were in direct response to appellant's request for probation. Read in its entirety, it is without question that the State attempted to "influence the sentence by presenting the court with conjecture, opinion, or disparaging information already in the court's possession." *Block,* 660 F.2d at 1091.

Furthermore, the statement made by the State was not in response to misstatements made by appellant. *Id.* At the sentencing hearing, appellant readily admitted that he had received ten years probation for theft in 1989 and served only five years because he had completed all of the programs successfully. The State's

*Lanum v. State,* 952 S.W.2d 36, 39–40 (Tex. App.-San Antonio 1997, no writ).

response also did not provide the trial court with relevant factual information. *Id.* Instead, the State attempted to influence the judge to deny appellant probation because he had received probation once before and "escaped punishment." We sustain appellant's first issue.

Having sustained appellant's first issue, we do not consider appellant's two other issues on appeal. Appellant is entitled to withdraw his plea.[4] The judgment of the trial court is reversed and the cause is remanded for further proceedings.

---

4. Appellant prays that we allow him to withdraw his plea of no contest. However, the plea bargain agreement which appellant and his counsel signed reflects that appellant entered a plea of guilty. We, therefore, conclude that appellant entered a plea of guilty.