**Earl Owen BITTERMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–164–CR.**

Court of Appeals of Texas,
Waco.

Feb. 4, 2004.

Dissenting Opinion on Denial
of Rehearing March 24, 2004.

Walter M. Reaves, Jr., West, for Appellant/Relator.

John W. Segrest, McLennan County District Attorney, Waco, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice FELIPE REYNA.*

## MEMORANDUM OPINION

FELIPE REYNA, Justice.

Earl Owen Bitterman pleaded guilty to aggravated sexual assault. Pursuant to a plea bargain, the State recommended five years' confinement but agreed to stand mute on Bitterman's motion for deferred adjudication community supervision. At sentencing, Bitterman presented evidence in support of his motion. The State responded with evidence that he should be imprisoned and argued that he should be imprisoned. The court sentenced him to five years' imprisonment.

Bitterman presents two issues in which he claims that: (1) the State breached the parties' plea agreement; and (2) the court abused its discretion by permitting his motion for new trial to be overruled by operation of law.

## BACKGROUND

The State's punishment recommendation at the hearing in which Bitterman pleaded guilty was as follows:

5 YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, AND A FINE OF $0.00; THE STATE NEITHER OPPOSES NOR RECOMMENDS THAT THE COURT GRANT DEFERRED ADJUDICATION PROBATION IN THIS MATTER.

At sentencing, Bitterman presented several witnesses to support his request for deferred adjudication. The State cross-examined these witnesses on Bitterman's suitability for community supervision and whether he had accepted responsibility for his conduct. The State called the complainant's counselor in rebuttal. The counselor testified that granting Bitterman's request for community supervision would send the wrong message to the complainant and would "erode some of her confidence that she was indeed a victim."

---

* This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the Court.

The State argued that Bitterman's request for deferred adjudication should be denied because: (1) "he has not accepted responsibility for his actions"; (2) he denied committing the offense during the presentence investigation; and (3) granting community supervision would send the wrong message to the complainant. The State concluded by asking the court "to follow the State's agreement and sentence him to the penitentiary."

## BREACH OF PLEA AGREEMENT

Bitterman argues in his first issue that the State breached the parties' plea agreement by presenting evidence that he should be imprisoned and by arguing that he should be imprisoned. The State responds that: (1) we do not have jurisdiction to address this issue because it exceeds the scope of the issues identified in Bitterman's notice of appeal; (2) Bitterman failed to preserve this issue for our review because he did not raise this complaint in a timely fashion in the trial court; and (3) the State did not breach the parties' agreement.

■ Because Bitterman perfected this appeal before the recent amendments to the Rules of Appellate Procedure took effect, the provisions of former appellate rule 25.2(b)(3) apply. Former rule 25.2(b)(3) required a notice of appeal in a plea bargain case to specify which of three types of issues would be presented in the appeal, namely: (1) a jurisdictional defect; (2) an issue raised by written motion and ruled on before trial; or (3) an issue on which the trial court granted permission to appeal. Tex.R.App. P. 25.2(b)(3), 948–949 S.W.2d (Tex.Cases) xcvi (Tex.Crim.App. 1997, amended 2002). The terms of a notice of appeal under Rule 25.2(b)(3) define the scope of the issues which may be presented in such an appeal. *See Bayless v. State,* 91 S.W.3d 801, 803 n. 2 (Tex.Crim.

App.2002); *Page v. State,* 70 S.W.3d 317, 318 (Tex.App.-Waco 2002, no pet.).

■ Compliance with former Rule 25.2(b)(3) is not a jurisdictional prerequisite. *Bayless,* 91 S.W.3d at 803 n. 2. Rather, compliance with the rule determines what issues are cognizable on appeal. *Id.*

Bitterman's notice of appeal states in pertinent part that he is appealing an issue which the trial court granted permission to appeal. The trial court signed an order granting permission "to appeal the ruling of this court denying defendant's motion for new trial." Bitterman alleged in the motion for new trial that the prosecutor breached the parties' plea agreement. Accordingly, we conclude that the issue of whether the prosecutor breached the agreement is one on which the trial court granted permission to appeal.

■ The State next argues that Bitterman failed to preserve this issue for our review because he did not make a timely objection. "[T]o be timely the objection must be at a time at which the trial court may remedy the [error]." *Moore v. State,* 999 S.W.2d 385, 397 (Tex.Crim.App.1999); *accord Montoya v. State,* 43 S.W.3d 568, 572 (Tex.App.-Waco 2001, no pet.).

■ Bitterman contends that the State breached the plea agreement by the introduction of improper testimony and by improper argument. An objection to the admission of improper evidence should be made at the time the evidence is offered to preserve error. *Aguilar v. State,* 26 S.W.3d 901, 905–06 (Tex.Crim.App.2000); *Gone v. State,* 54 S.W.3d 27, 32 (Tex.App.-Texarkana 2001, pet. ref'd). Bitterman did not object to the prosecutor's offer of evidence which he contends violated the plea agreement until thirty days after the hearing when he filed the motion for new trial. This was untimely. *See id.*

■ Similarly, an objection to improper argument should be made at the time of the objectionable argument to preserve error. *See Zimmerman v. State,* 860 S.W.2d 89, 100 (Tex.Crim.App.1993); *Haliburton v. State,* 80 S.W.3d 309, 315 (Tex.App.-Fort Worth 2002, no pet.). Again, Bitterman's objection was untimely because he did not present it until thirty days after the fact.

Bitterman contends that the State breached the plea agreement by the admission of improper evidence and by improper argument. He failed to make a timely objection to either instance of alleged prosecutorial misconduct. Thus, he has failed to preserve this issue for our review. *See Guevara v. State,* 103 S.W.3d 549, 556–57 (Tex.App.-San Antonio 2003, pet. granted);[1] *Williams v. State,* 840 S.W.2d 449, 463–64 (Tex.App.-Tyler 1991, pet. ref'd); *contra Besch v. State,* 87 S.W.3d 588, 590 n. 3 (Tex.App.-San Antonio 2002, pet. dism'd, untimely filed) (motion for new trial adequately preserved complaint that State breached plea agreement).

Accordingly, we conclude that Bitterman's first issue is without merit.

## MOTION FOR NEW TRIAL

■ Bitterman claims in his second issue that the trial court abused its discretion by permitting his motion for new trial to be overruled by operation of law. Bitterman did not timely raise the grounds for relief on which his motion for new trial was premised. Accordingly, we hold that the court did not abuse its discretion by permitting his motion for new trial to be overruled by operation of law. *See Williams,* 840 S.W.2d at 463–64. To hold otherwise would be to permit Bitterman to

undercut the well-established rules for preservation of error. *See Jones v. State,* 942 S.W.2d 1, 2 n.1 (Tex.Crim.App.1997) (preservation is a systemic requirement which must be considered by intermediate appellate court even if not raised by the parties).

Accordingly, we conclude that Bitterman's second issue is without merit.

We affirm the judgment.

Justice BILL VANCE, dissenting.

BILL VANCE, Justice, dissenting.

The majority correctly sets out the background and procedure that led to this appeal.

This case is similar to *Besch v. State,* 87 S.W.3d 588 (Tex.App.-San Antonio 2002, pet. dism'd), involving a plea bargain agreement whereby the state agreed to "remain silent on probation." After Besch presented several character witnesses at the punishment hearing and requested probation, the prosecutor argued against it. *Id.* at 590. Besch did not appeal. *Id.* at 589. Later, he sought a writ of habeas corpus, and the Court of Criminal Appeals granted an out-of-time appeal. *Id.* He then filed a motion for new trial, which the trial court denied. *Id.* On appeal, the San Antonio Court considered the merits of his breach-of-plea-agreement argument. *Id.* at 589–91. On that same basis, we should find that the issue was preserved by the motion for new trial.

Citing *Santobello v. New York* and *United States v. Block,* Bitterman contends that the State breached the plea agreement by the introduction of improper testimony and by improper argument. *Santo-*

---

1. The Court of Criminal Appeals has granted review in *Guevara* on three grounds unrelated to the preservation principle for which the case is cited herein. *See Guevara v. State,* No. 03–0424 (Tex.Crim.App. June 18, 2003 & Oct. 8, 2003) (orders granting State's & Appellant's petitions for discretionary review).

*bello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *United States v. Block,* 660 F.2d 1086 (5th Cir.1981); *see also Bass v. State,* 576 S.W.2d 400, 400–01 (Tex.Crim.App.1979) ("this is a dispute over whether the State breached its plea bargain with appellant, and must be examined in light of *Santobello v. New York").* *Besch* summarizes the applicable law:

As part of a plea agreement, the State is free to negotiate away any right it may have to recommend a sentence. *United States v. Block,* 660 F.2d 1086, 1091–92 (5th Cir.1981). Guilty pleas predicated upon an agreement by the State normally must be fulfilled. *Id.* at 1089–90. Indeed, to the extent such promise was an inducement or consideration in exchange for a guilty plea, such promise must be fulfilled. *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If the State does not live up to its side of the agreement, the plea is rendered involuntary. *See Bryant v. State,* 974 S.W.2d 395, 398 (Tex.App.-San Antonio 1998, pet. ref'd).

The plea bargain agreement, in this case, indicates that in exchange for appellant's guilty plea, the State agreed to remain silent on probation. [Footnote omitted.] An agreement by the State to remain silent has been construed by federal appeals courts to mean that the State is precluded from attempting to influence the sentencing judge. *Block,* 660 F.2d at 1090–91; *United States v. Avery,* 589 F.2d 906, 908 (5th Cir.1979); *United States v. Crusco,* 536 F.2d 21, 26 (3d Cir.1976). Thus, such an agreement restricts the State's right to make certain types of statements to the court. *Besch,* 87 S.W.3d at 589–90.

Here, the State went further than in *Besch.* Even if we disregard the State's offer of evidence to show that community supervision would have a negative impact on the victim, the State's arguments that "it would be very dangerous for this victim to give him probation" and "we would ask the court to follow the State's recommendation and sentence him to the penitentiary" both attempted to influence the sentencing judge. *See id.* As such, they violated the plea agreement. *Id.; Block,* 660 F.2d at 1090–91. When the State did not live up to its side of the agreement, the plea was rendered involuntary. *Besch,* 87 S.W.3d at 589. Accordingly, I would conclude that Bitterman's first issue is meritorious.

## CONCLUSION

I would hold that Bitterman is entitled to withdraw his plea. The judgment should be reversed and the cause remanded to the trial court for further proceedings. Because the majority does otherwise, I respectfully dissent.

Rehearing Overruled.

BILL VANCE, Justice, dissenting on denial of rehearing.

I write again to point out that this decision puts us squarely in conflict with the San Antonio Court of Appeals' decision in *Besch v. State,* 87 S.W.3d 588 (Tex.App.-San Antonio 2002, pet. dism'd). There, the Court of Criminal Appeals granted an out-of-time appeal, and Besch filed a motion for new trial, which the trial court denied. *Id.* In that appeal, the San Antonio Court considered the merits of his breach-of-plea-agreement argument. *Id.* at 589–91. If the issue was preserved for review in *Besch,* it is preserved for review here.

I would grant the motion for rehearing and decide the merits of Bitterman's issue regarding the prosecutor's breach of the plea agreement. Because the majority refuses to do so, I respectfully dissent.