**Earl Owen BITTERMAN, Appellant,**

v.

**The STATE of Texas.**

No. PD–633–04.

Court of Criminal Appeals of Texas.

Dec. 7, 2005.

Walter M. Reaves, Jr., West, for appellant.

Christy Barber, Asst. Criminal District Atty., Waco, Matthew Paul, State's Atty., Austin, for State.

MEYERS, J., delivered the opinion of the Court, in which PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Appellant Earl Owen Bitterman pled guilty to the offense of aggravated sexual assault pursuant to a plea agreement with the State and was sentenced by the court to five years in the Texas Department of Criminal Justice, Institutional Division. Appellant then filed a motion for a new trial, in which he alleged that the State breached the terms of the plea agreement. The trial court denied this motion, and Appellant subsequently filed a timely notice of appeal. The Court of Appeals held that Appellant's claims were without merit because he had not preserved them for review.[1] We will reverse.

## I. Facts

Appellant pled guilty to the aggravated sexual assault of his twelve-year-old niece. As part of the plea agreement, the State agreed to the following sentencing recommendation:

> 5 YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, AND A FINE OF *$0.00*; THE STATE NEITHER OPPOSES NOR RECOMMENDS THAT THE COURT GRANT DEFERRED ADJUDICATION PROBATION IN THIS MATTER.

The record reflects that the State agreed to allow Appellant to "make a pitch" for probation, but that it would remain silent as to probation at Appellant's sentencing. At the sentencing hearing, Appellant had several witnesses testify in support of his request for deferred adjudication, and the State cross-examined these witnesses. During cross-examination, the State questioned whether Appellant deserved deferred adjudication, and additionally, called the complainant's counselor as a rebuttal witness who testified that granting Appellant deferred adjudication would send the wrong message to the complainant. The State also argued to the court that Appellant was "not the kind of person that would be deserving of a second chance and an opportunity for probation" and that "it would be very dangerous for the victim to give him probation and send a message to her that in fact it was her fault." The State then recommended that the trial court sentence Appellant to five years in the institutional division of TDCJ. The trial court followed the State's recommendation, sentencing Appellant to five years in the TDCJ–Institutional Division.

## II. Court of Appeals Decision and Grounds for Review

The court of appeals held that, regardless of whether the State had breached the plea agreement, Appellant did not preserve this issue for review because he did not object to the State's breach during the sentencing hearing. The court stated that although Appellant argued that the State breached the agreement by the introduction of improper testimony and by improp-

---

1. *Bitterman v. State,* 131 S.W.3d 519 (Tex. App.-Waco 2004).

er argument, Appellant did not preserve these issues for the court's review because he did not object at the time of the testimony or argument. The court of appeals then affirmed the judgment of the trial court which denied Appellant's motion for a new trial.

The grounds for review present before this Court are as follows: 1) whether the court of appeals erred in holding Appellant's motion for a new trial did not preserve error on his motion for a new trial based on the State's violation of its plea agreement, where such a breach is not something that can be cured by the court, and where a motion for new trial was the first opportunity Appellant had to raise that claim; and 2) whether the court of appeals erred in failing to address whether the breach of a plea agreement is a "category one" right that cannot be waived.

Appellant argues that he timely raised the issue of whether the plea agreement was breached in his motion for a new trial. He further argues that the court of appeals based its holding on a misapplication of several cases which involved the introduction of improper evidence and improper arguments. Additionally, Appellant argues that the right to have the terms of a plea agreement with the State fulfilled by the State is a right that must be implemented unless expressly waived, and thus the failure of Appellant to object at the sentencing hearing does not preclude the court of appeals from addressing this issue.

The State argues that because Appellant failed to object at the sentencing hearing at the time the improper evidence and argument were offered, he failed to preserve the issue for review by the court of appeals. The State further asserts that complaining about this issue for the first time in a motion for a new trial was untimely because he failed to object at trial when the trial judge would have had the opportunity to remedy the error.

### III. Plea Bargains

■ It is well established that it is a defendant's right to have the State honor a plea bargain entered into by the defendant in exchange for a guilty plea, after the judge has accepted the plea bargain in open court. Plea bargains play an extremely important role in the criminal judicial process, and numerous cases in federal and Texas state law emphasize the importance of implementing safeguards to protect the due process rights of defendants who enter into such plea bargains. When a defendant enters into a plea bargain, he waives a number of fundamental constitutional rights, including a trial by jury, the right to confront one's accusers, the right to present witnesses in one's defense, the right to remain silent, and the right to be convicted only by proof beyond a reasonable doubt.[2] There are strict federal and state guidelines and requirements regarding the defendant's ability to enter into such an agreement in order to protect the constitutional rights of the defendant, and among these is the requirement that if a defendant's plea is made based on a promise given by the State, the State must keep up its part of the agreement or the plea will be rendered involuntary. When

2. *Santobello v. New York,* 404 U.S. 257, 264, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)(Douglas, J. concurring); *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)(stating "several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First is privilege against compelling self-incrimination guaranteed by the Fifth Amendment and applicable to the states via the Fourteenth Amendment. Second is the right to a trial by jury. Third is the right to confront one's accusers.").

the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand. In *Santobello v. New York,*[3] the United States Supreme Court emphasized this point stating that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."[4] Additionally, this Court has previously held that a plea agreement is binding upon all parties once the trial judge has accepted it,[5] and that if the prosecution does not perform its responsibilities under the agreement, the plea bargain is considered involuntary.[6]

## IV. Analysis

■ The court of appeals held that, in this case, Appellant did not preserve the issue of whether the State breached the plea agreement because he did not object at the moment that the State allegedly breached the plea agreement by introducing improper evidence and argument. In reaching this conclusion, the court relied on *Aguilar v. State* and *Gone v. State,*[7] which hold that a defendant must object at trial to the offering of improper evidence at the moment when the evidence is offered to preserve a claim for appellate review. The court also relied on *Zimmerman v. State* and *Haliburton v. State,*[8] which hold that a defendant must object to improper arguments at the time of the

objectionable argument to preserve error. These cases are not relevant to the issues in this case. All four of these cases are concerned with a defendant involved in a jury trial, not with a defendant who has waived all of his fundamental constitutional rights to a jury trial and entered into a plea agreement with the State in exchange for a promise. And in none of these four cases does the testimony in dispute breach a plea agreement entered into by the defendant and the State.

The State also relies on these cases in its brief, citing them for the proposition that Appellant should have objected at a time when the trial court had an opportunity to correct the error. In addition, the State points to *Mendez v. State*[9] to support its argument that a defendant must make a timely objection or he fails to preserve error. However, reliance on this case is misplaced for two reasons. First, the facts in *Mendez* involved a defendant, after a trial by jury and sentencing, who claimed that the trial court should have *sua sponte* withdrawn the guilty plea he entered due to new testimony which raised an issue as to his guilt. This is distinguishable from the case at hand, which involves not the withdrawal of a plea made by the defendant at trial, but the withdrawal of a *plea agreement* after this agreement was breached by the State.

Secondly, even if this Court were to find *Mendez* persuasive in this case, the defendant in *Mendez* did not raise the issue

---

3. *Santobello,* 404 U.S. at 262, 92 S.Ct. 495.

4. The United States Fifth Circuit Court of Appeals has also applied this standard. *See United States v. Kerdachi,* 756 F.2d 349 (1985).

5. *Ortiz v. State,* 933 S.W.2d 102 (1996).

6. *Bryant v. State,* 974 S.W.2d 395 (1998).

7. *Aguilar v. State,* 26 S.W.3d 901 (Tex.Crim. App.2000); *Gone v. State,* 54 S.W.3d 27 (Tex. App.-Texarkana 2001, pet. ref'd).

8. *Zimmerman v. State,* 860 S.W.2d 89 (Tex. Crim.App.1993); *Haliburton v. State,* 80 S.W.3d 309 (Tex.App.-Fort Worth 2002, no pet.).

9. *Mendez v. State,* 138 S.W.3d 334 (Tex.Crim. App.2004).

until his appeal to the court of appeals. In this case, it is clear from the record that Appellant raised the issue for the first time at the trial level, at the hearing on the motion for a new trial. This was the first time that the issue could have been cured, and thus the first time that it made sense to raise the issue.[10] Even if the Appellant had objected at the time of the breach of the plea agreement, the error could not have been cured by the trial judge at that time because the prosecutor's recommendation was already before the judge to consider. Objecting at that point would be similar to asking the judge to forget everything the prosecutor had just told him and make the sentencing decision based only on the testimony of the defense. There was no attempt at an "end-run" around the trial judge straight to the court of appeals. Raising the objection for the first time at a motion for a new trial gave the trial judge notice of the breach, and gave him an opportunity to correct the error by granting Appellant's motion for a new trial. Neither the court of appeals nor the State cite any caselaw requiring a defendant who has pled guilty as part of an agreement with the State to object at the moment of the breach rather than at a motion for a new trial. Rather, this Court has simply held, as have a number of courts of appeals, that in this same fact scenario, the defendant is entitled either to specific performance or to withdraw his plea if the State has breached a plea agreement. The Appellant in this case chose to request a new trial in order to compel specific performance of the agreement into which he and the State entered.

In *Bass v. State*,[11] the defendant agreed to plead guilty in return for the State's promise to remain silent on recommending a sentence. The Court in *Bass* looked to the record of the defendant's motion for a new trial to determine what arguments defendant made in regard to the breach of the plea agreement, and what the trial judge reasoned in his decision to deny defendant's motion. The Court concluded:

> This is a dispute over whether the State breached its plea bargain with appellant, and must be examined in light of *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), where the United States Supreme Court stated that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." If the prosecution does not live up to its part of the bargain, doubt is raised as to whether or not the guilty plea induced by the broken bargain can be regarded as truly voluntary.

In *Miller v. State*,[12] this Court again reached the same conclusion. In *Miller*, the defendant entered a plea of *nolo contendere* in exchange for an agreement that the State would make no recommendation or argument as to punishment. The State violated the terms of this agreement by making improper arguments to the trial judge right before the judge sentenced the defendant. This Court held, after quoting extensively from *Santobello* and *Bass* that "the record in this case reveals a violation of those principles set out in *Bass v. State*.

10. *Besch v. State*, 87 S.W.3d 588, 590 n. 3 (Tex.App.-San Antonio 2002, pet. dism'd, untimely filed).

11. *Bass v. State*, 576 S.W.2d 400 (Tex.Crim. App.1979).

12. *Miller v. State*, 608 S.W.2d 931 (Tex.Crim. App.1980).

Appellant is entitled to withdraw his plea." [13]

While Appellant could have withdrawn his plea at the sentencing hearing, he chose instead to request a new trial in order to compel specific performance of the plea agreement which the State had violated. Due to the flagrant violation of his plea agreement by the State, which rendered his plea involuntary, the court of appeals should have reviewed this issue for abuse of discretion by the trial judge in denying Appellant's motion for a new trial.

## Conclusion

The court of appeals erred in concluding that because Appellant did not object at the sentencing hearing, it could not consider Appellant's claim. Based upon the underlying constitutional due process principles involved when a defendant agrees to plead guilty in return for a promise by the State, as well as upon a long history of Texas cases supporting a defendant's right to withdraw a plea once the State has violated the plea bargain, we hold that Appellant properly preserved the issue of the plea bargain breach by bringing it to the trial court's attention as soon as the error could be cured, in a motion for a new trial. Because Appellant preserved his claim for appeal, there is no need to address the second ground for review. Therefore we vacate the judgment of the court of appeals and remand the cause to the court for further proceedings consistent with this opinion.

WOMACK, J., concurred.

KELLER, P.J., filed a dissenting opinion.

KELLER, P.J., filed a dissenting opinion.

Despite appellant's failure to object at trial, the Court holds that he preserved his complaint because, "Even if the Appellant had objected at the time of the breach of the plea agreement, the error could not have been cured by the trial judge at that time because the prosecutor's recommendation was already before the judge to consider." [1]

But the error could have been cured: the trial court could have granted deferred adjudication. It doesn't matter that the trial court might not have cured the error, because that is true in every case in which a party objects. Curing the error here would have required giving appellant more than he was entitled to—granting deferred adjudication rather than just considering it. But otherwise, this case is no different from any other case in which the trial court could have, but not necessarily would have, fixed a problem upon a timely objection.

Moreover, appellant complains of several comments by the prosecutor. It is not clear to me which of these the Court believes violated the plea agreement. The prosecutor's first reference to deferred adjudication seems to have been during cross-examination of appellant's witnesses. The prosecutor questioned these witnesses about whether appellant deserved deferred adjudication, and then called appellant's counselor to testify against granting deferred adjudication. After that, the prosecutor recommended that the trial court sentence appellant to five years of incarceration. An objection the first time the prosecutor questioned appellant's suitability for deferred adjudication could have kept out all of the damaging evidence and

---

13. *Miller* at 932.

1. *Bitterman v. State*, 180 S.W.3d 139, 143, 2005 WL 3310407 (Tex.Crim.App. delivered December 7, 2005)(slip opinion at p. 7).

argument. The "incurable" argument might never have occurred had counsel lodged a prompt objection.

For these reasons, I respectfully dissent.