IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00164-CR

 

Earl Owen Bitterman,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2001-160-C

 



Opinion ON REMAND



 








          Earl Owen Bitterman pleaded guilty to aggravated sexual
assault.  Pursuant to a plea bargain, the State recommended five years’
confinement but agreed to stand mute on Bitterman’s motion for deferred
adjudication community supervision.  The court sentenced him to five years’
imprisonment.  Bitterman contends in two issues that: (1) the State breached
the parties’ plea agreement; and (2) the court abused its discretion by
permitting his motion for new trial to be overruled by operation of law.  We
will reverse and remand.

          On original submission, a majority of
this Court held that Bitterman had not preserved his first issue because he did
not object when the State introduced testimony which violated the plea
agreement or when the State presented argument which violated the agreement.  See
Bitterman v. State, 131 S.W.3d 519, 521-22 (Tex. App.—Waco 2004).  We held
in similar fashion that the court did not abuse its discretion by allowing the motion
for new trial to be overruled by operation of law because the grounds raised in
the motion had not been timely raised during the plea proceedings.  Id. at 522.

          The Court of Criminal Appeals reversed,
holding that Bitterman properly preserved his contention that the State
breached the plea agreement by raising it in his motion for new trial.  Bitterman
v. State, 180 S.W.3d 139, 144 (Tex. Crim. App. 2005).  That Court remanded
the cause to this Court to consider whether the trial court abused its
discretion by allowing Bitterman’s motion for new trial to be overruled by
operation of law.[1]  Id.

          Bitterman contends in his second issue
that the trial court abused its discretion in this regard.  The State contends
that no abuse of discretion is shown because: (1) Bitterman’s motion “failed to
confer jurisdiction on the trial court” because it was not verified or
supported by affidavit; and (2) the trial court does not have the power to
grant a new trial on the issue of punishment alone.

          With regard to the State’s
jurisdictional argument, we have reviewed the authorities cited[2]
and find that none supports the contention that a trial court does not have
jurisdiction to consider a timely-filed motion for new trial which is not
verified or supported by affidavit.  Rather, these authorities stand for the
propositions that: (1) a trial court does not have jurisdiction to hear an
untimely motion for new trial; see Drew v. State, 743 S.W.2d 207, 223
(Tex. Crim. App. 1987); State v. Lewis, 151 S.W.3d 213, 218-19 (Tex. App.—Tyler 2004, pet. ref’d); and (2) a trial court is not obligated to hold a hearing
on a motion for new trial if the motion is not verified or supported by
affidavit.[3]  See
Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); Alcott v.
State, 26 S.W.3d 1, 4 (Tex. App.—Waco 1999), aff’d, 51 S.W.3d 596
(Tex. Crim. App. 2001).

          Here, Bitterman timely filed his
motion for new trial.  Thus, the trial court had jurisdiction to hear it.  See
Drew, 743 S.W.2d at 223; Lewis, 151 S.W.3d at 218-19.

          Although Bitterman did not verify the
motion or provide affidavits to support it, the court nevertheless heard the
motion.  Cf. Wallace, 106 S.W.3d at 108; Alcott, 26 S.W.3d at 4. 
Because the allegations of the motion could be determined from the trial record
and did not require any additional evidence, the fact that Bitterman’s motion
for new trial is not verified or supported by affidavit has no bearing on this
issue.  Cf. Rivera v. State, 123 S.W.3d 21, 29 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (no evidentiary hearing required when allegations of
motion are “affirmatively demonstrated in the record”).

          The State is correct that the trial
court has no authority to grant a new trial on the issue of punishment alone.  See
State v. Aguilera, 165 S.W.3d 695, 698 n.6 (Tex. Crim. App. 2005); cf.
Tex. Code Crim. Proc. Ann. art.
44.29(b) (Vernon Supp. 2005) (appellate court may grant new trial as to
punishment only because of errors in punishment phase).  However, in a
proceeding in which the defendant has pleaded guilty or nolo contendere
pursuant to a plea bargain, “a trial court may properly entertain a motion for
new trial, grant it, rehear the defendant’s plea, and re-sentence him, and it
does not thereby violate the prohibition against a grant by a trial court of a
new trial as to punishment only.”  Aguilera, 165 S.W.3d at 698 n.6.

          The State breaches a plea agreement to
stand silent on the issue of community supervision when it presents evidence or
argument encouraging the court to sentence the defendant to prison.  See
Bitterman, 180 S.W.3d at 143-44; Besch v. State, 87 S.W.3d 588,
590-91 (Tex. App.—San Antonio 2002, pet. dism’d, untimely filed).  When the
State breaches a plea agreement, “the defendant is entitled either to specific
performance or to withdraw his plea.”  Bitterman, 180 S.W.3d at 143; accord
Santobello v. New York, 404 U.S. 257, 263, 92 S. Ct. 495, 499, 30 L. Ed. 2d
427 (1971).

          To paraphrase the Court of Criminal
Appeals, the State committed a “flagrant violation of [Bitterman’s] plea
agreement.”  Bitterman, 180 S.W.3d at 144.  Bitterman called this
breach to the court’s attention in his motion for new trial, which the court
allowed to be overruled by operation of law after a hearing.  The court thus abused
its discretion because “the flagrant violation of [Bitterman’s] plea agreement
by the State . . . rendered his plea involuntary.”  See id.; Besch,
87 S.W.3d at 589-91.  Accordingly, we sustain Bitterman’s second issue.




We reverse the judgment and remand this cause to
the trial court for further proceedings consistent with this opinion.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Reversed and remanded

Opinion delivered and
filed May 31, 2006

Publish

[CR25]









[1]
          In the words of the Court of
Criminal Appeals, “the court of appeals should have reviewed this issue for
abuse of discretion by the trial judge in denying Appellant’s motion for new
trial.”  Bitterman v. State, 180 S.W.3d 139, 144 (Tex. Crim. App. 2005).

 





[2]
          Drew v. State, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987); Dugard v. State,
688 S.W.2d 524, 529 (Tex. Crim. App. 1985), overruled on other grounds by
Williams v. State, 780 S.W.2d 802 (Tex. Crim. App. 1989) (per curiam); Norman
v. State, 588 S.W.2d 340, 348 (Tex. Crim. App. [Panel Op.] 1979); Barnett
v. State, 76 S.W.3d 739, 740 (Tex. App.—Waco 2002, pet. ref’d); Alcott
v. State, 26 S.W.3d 1, 4 (Tex. App.—Waco 1999), aff’d, 51 S.W.3d 596
(Tex. Crim. App. 2001); Gonzalez v. State, 659 S.W.2d 470, 474-75 (Tex.
App.—Corpus Christi 1983, pet. ref’d).





[3]
          Nor is a hearing required if the
defendant fails to present the motion for new trial to the trial court.  See
Rozell v. State, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).  Bitterman
presented his motion to the trial court.