MARY'S OPINION HEADING 









                                                NO.
12-05-00141-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

BRODERICK DEWAYNE
THOMAS,        §                      APPEAL FROM THE 124TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      GREGG
COUNTY, TEXAS

                                                                                              
                                                              

MEMORANDUM
OPINION

            Appellant pleaded guilty to the offense of possession of
a controlled substance (codeine). After admonishing Appellant at length about
the consequences of his plea and upon being told by both Appellant’s counsel
and the prosecutor that there was no plea agreement, the trial court accepted
Appellant’s plea of guilty.  Following a
hearing on sentencing, the trial court sentenced Appellant to imprisonment for
four years.  Appellant now contends that
the State breached a plea agreement not to oppose deferred adjudication.

            Appellant urges two issues on appeal.  First, he contends that because of the State’s
breach of a plea bargain agreement, his plea of guilty was not made voluntarily
or intelligently.  In his second issue,
he maintains that the State’s breach of a plea bargain agreement that induced
his plea of guilty implicates a category one right of the defendant, which
cannot be waived or forfeited.  We
affirm.

 

Background








            In the course of admonishing Appellant regarding the
effect of his plea of guilty and before accepting Appellant’s plea, the trial
court inquired as to the existence of a plea agreement as required by
statute.  See Tex. Code Crim. Proc. Ann. art.
26.13(a)(2) (Vernon Supp. 2005).  The
following colloquy ensued:

 

THE COURT:                      Is there any type of a plea bargain agreement
in this matter?

 

[THE PROSECUTOR]:      No, Your Honor.

 

THE COURT:                      Okay. 
Now, what that means is this, Mr. Thomas: At the conclusion of the
evidence, I’m going to ask the lawyers what they think I should do.  I’m going to listen to them.  I’m going to listen to both of them.

 

But
the bottom line is this: I don’t have to follow their recommendations.  I sometimes do; I sometimes don’t.  And because there is no plea bargain involved
in this matter, if I choose not to follow the recommendation, you don’t get to
withdraw your guilty plea.

 

                                                                Do
you understand that?

 

THE DEFENDANT:            Yes, sir.

 

THE COURT:                      And do you want to continue with this plea on
the understanding that there is no plea bargain and that I may not follow the
recommendations?

 

THE DEFENDANT:            I understand, sir.

 

 

            On the day of the plea hearing, Appellant signed and
filed his application for probation. 
During the sentencing hearing, Appellant testified that he had never
been in trouble before his arrest for the instant offense.  He had made better than average grades at
Longview High School where he ran track and played football.  He told the judge that he knew he could abide
by the terms of probation if he was placed on community supervision and that he
knew what that entailed.  However, he
admitted that he had smoked marijuana from one to four times a month for the
six months following his arrest for this offense.  He also admitted that he had been arrested in
Conroe for possession of marijuana (4.6 ounces) a month and a half earlier, ten
days before his presentence interview in this case.  He did not mention the Conroe arrest when
asked during his presentence interview if he had been arrested anywhere other
than Gregg County.

             Appellant’s
girlfriend and his father also testified that he was a suitable candidate for
probation.

            The State called Holly Booth, the Gregg County probation
officer who prepared Appellant’s presentence report.  She indicated that she found Appellant “less
than forthcoming” in his interview because he had failed to mention the Conroe
arrest.  She made no recommendation
regarding probation.

            Appellant’s attorney asked the court to grant Appellant
deferred adjudication.  The prosecutor
responded that prior to seeing the presentence report, she was not opposed to
deferred adjudication, but that she was aware of the trial court’s unfavorable
view of defendants who continue to commit crimes while out on bond.  She then told the court that “the State is
not opposed to regular probation.”

            The trial court sharply rebuked Appellant telling him
that probation was not an option because of his repeated offenses while
awaiting trial.  The trial court then
sentenced him to four years of imprisonment.

            Appellant’s counsel never alluded to a plea agreement
during the plea hearing.  Appellant’s
motion for new trial complained only that the verdict “is contrary to the law
and the evidence.”  No hearing was
sought, and the motion was denied as a matter of law.

 

Was There a Plea Bargain?

            In his first issue, Appellant contends that his plea must
be considered involuntary, because the State breached a plea agreement with
Appellant not to oppose deferred adjudication at the sentencing hearing.

Applicable Law

            It is a defendant’s right to have the State honor a plea
bargain entered into by the defendant in exchange for a guilty plea, after the
judge has accepted the plea bargain in open court.  Bitterman v. State, 180 S.W.3d 139,
141 (Tex. Crim. App. 2005).  “When the
prosecution breaches its promise with respect to an executed plea agreement,
the defendant pleads guilty on a false premise, and hence his conviction cannot
stand.”  Id. at 141-42.  If the State does not fulfill its part of the
bargain, the defendant’s plea is considered involuntary.  Id. at 142.

            In his brief, Appellant’s counsel states that before the
guilty plea and sentencing, he engaged in extensive plea negotiations with the
prosecutor, who told him that the trial court did not accept agreed
recommendations as a plea bargain.  He
states that, nevertheless, she agreed that, in this case, she would not oppose
deferred adjudication.  Although
Appellant’s insistence in his brief that there was a plea bargain contradicts
the record, Appellant asks that we infer an agreement from the following remark
in the prosecutor’s closing argument:








Judge,
prior to the PSI, I was not opposed to deferred adjudication.  I know how this Court feels, however, with
regard to committing new offenses while out on bond and committing new
offenses, even if you’re not arrested, while out on bond.

 

 

Appellant acknowledges that the
prosecutor “then stated unequivocally that she was not opposed to ‘regular’
probation.”

            The State contends there was no plea bargain, pointing
out that the only indication that there was an agreement comes by way of his
attorney’s first person statement in his brief. 
The State argues that statement contradicts the record and Appellant’s
factual assertions outside the record may not be considered on appeal.  In support of its position, the State cites
Janecka v. State, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996).  The State maintains the quoted passage taken
from the prosecutor’s closing argument may provide a glimpse into her thought
process but does not establish a plea agreement.

            We agree with the State. 
We decline to infer the existence of a plea bargain from the prosecutor’s
lone ambiguous remark against an obstinate record abounding in unequivocal
evidence to the contrary. When asked by the court if there was a plea
agreement, both Appellant’s counsel and the prosecutor told the judge there was
no agreement.  The court went on to
explain to Appellant that “because there is no plea bargain involved in this
matter, if I choose not to follow the recommendation [of counsel for the State
or Appellant], you don’t get to withdraw your guilty plea.  Do you understand that?”  Appellant responded, “Yes, sir.”  The trial court’s certification of defendant’s
right of appeal, signed by Appellant’s counsel and the prosecutor, states that
there was not a plea agreement in this case. 
Appellant did not move for a new trial based on the State’s breach of a
plea agreement. There was no plea bargain. 
Appellant’s first issue is without merit and is overruled.

 

Disposition

            Because of our disposition of Appellant’s first issue, we
need not address his remaining issue. 

The judgment is affirmed.

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

Opinion
delivered June 30, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

(DO NOT PUBLISH)