Earl Owen **BITTERMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–02–00164–CR.

Court of Appeals of Texas,
Waco.

May 31, 2006.

Discretionary Review Refused
Sept. 13, 2006.

Walter M. Reaves, West, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION ON REMAND

FELIPE REYNA, Justice.

Earl Owen Bitterman pleaded guilty to aggravated sexual assault. Pursuant to a plea bargain, the State recommended five years' confinement but agreed to stand mute on Bitterman's motion for deferred adjudication community supervision. The court sentenced him to five years' imprisonment. Bitterman contends in two issues that: (1) the State breached the parties' plea agreement; and (2) the court abused its discretion by permitting his motion for new trial to be overruled by operation of law. We will reverse and remand.

On original submission, a majority of this Court held that Bitterman had not preserved his first issue because he did not object when the State introduced testimony which violated the plea agreement or when the State presented argument which violated the agreement. *See Bitterman v. State*, 131 S.W.3d 519, 521–22 (Tex.App.-Waco 2004). We held in similar fashion that the court did not abuse its discretion by allowing the motion for new trial to be overruled by operation of law because the grounds raised in the motion had not been timely raised during the plea proceedings. *Id.* at 522.

The Court of Criminal Appeals reversed, holding that Bitterman properly preserved his contention that the State breached the plea agreement by raising it in his motion for new trial. *Bitterman v. State*, 180 S.W.3d 139, 144 (Tex.Crim.App.2005). That Court remanded the cause to this Court to consider whether the trial court abused its discretion by allowing Bitterman's motion for new trial to be overruled by operation of law.[1] *Id.*

■ Bitterman contends in his second issue that the trial court abused its discretion in this regard. The State contends that no abuse of discretion is shown because: (1) Bitterman's motion "failed to confer jurisdiction on the trial court" because it was not verified or supported by

---

1. In the words of the Court of Criminal Appeals, "the court of appeals should have reviewed this issue for abuse of discretion by the trial judge in denying Appellant's motion for new trial." *Bitterman v. State*, 180 S.W.3d 139, 144 (Tex.Crim.App.2005).

affidavit; and (2) the trial court does not have the power to grant a new trial on the issue of punishment alone.

■■■ With regard to the State's jurisdictional argument, we have reviewed the authorities cited[2] and find that none supports the contention that a trial court does not have jurisdiction to consider a timely-filed motion for new trial which is not verified or supported by affidavit. Rather, these authorities stand for the propositions that: (1) a trial court does not have jurisdiction to hear an untimely motion for new trial; *see Drew v. State,* 743 S.W.2d 207, 223 (Tex.Crim.App.1987); *State v. Lewis,* 151 S.W.3d 213, 218–19 (Tex.App.-Tyler 2004, pet. ref'd); and (2) a trial court is not obligated to hold a hearing on a motion for new trial if the motion is not verified or supported by affidavit.[3] *See Wallace v. State,* 106 S.W.3d 103, 108 (Tex.Crim.App. 2003); *Alcott v. State,* 26 S.W.3d 1, 4 (Tex. App.-Waco 1999), *aff'd,* 51 S.W.3d 596 (Tex.Crim.App.2001).

Here, Bitterman timely filed his motion for new trial. Thus, the trial court had jurisdiction to hear it. *See Drew,* 743 S.W.2d at 223; *Lewis,* 151 S.W.3d at 218–19.

Although Bitterman did not verify the motion or provide affidavits to support it, the court nevertheless heard the motion. *Cf. Wallace,* 106 S.W.3d at 108; *Alcott,* 26 S.W.3d at 4. Because the allegations of the motion could be determined from the trial record and did not require any additional evidence, the fact that Bitterman's motion for new trial is not verified or supported by affidavit has no bearing on this issue. *Cf. Rivera v. State,* 123 S.W.3d 21, 29 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (no evidentiary hearing required when allegations of motion are "affirmatively demonstrated in the record").

■■■ The State is correct that the trial court has no authority to grant a new trial on the issue of punishment alone. *See State v. Aguilera,* 165 S.W.3d 695, 698 n. 6 (Tex.Crim.App.2005); *cf.* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp. 2005) (appellate court may grant new trial as to punishment only because of errors in punishment phase). However, in a proceeding in which the defendant has pleaded guilty or *nolo contendere* pursuant to a plea bargain, "a trial court may properly entertain a motion for new trial, grant it, rehear the defendant's plea, and re-sentence him, and it does not thereby violate the prohibition against a grant by a trial court of a new trial as to punishment only." *Aguilera,* 165 S.W.3d at 698 n. 6.

■■■ The State breaches a plea agreement to stand silent on the issue of community supervision when it presents evidence or argument encouraging the court to sentence the defendant to prison. *See Bitterman,* 180 S.W.3d at 143–44; *Besch v. State,* 87 S.W.3d 588, 590–91 (Tex.App.-San Antonio 2002, pet. dism'd, untimely filed). When the State breaches a plea agreement, "the defendant is entitled either to specific performance or to with-

---

**2.** *Drew v. State,* 743 S.W.2d 207, 223 (Tex. Crim.App.1987); *Dugard v. State,* 688 S.W.2d 524, 529 (Tex.Crim.App.1985), *overruled on other grounds by Williams v. State,* 780 S.W.2d 802 (Tex.Crim.App.1989) (per curiam); *Norman v. State,* 588 S.W.2d 340, 348 (Tex.Crim.App. [Panel Op.] 1979); *Barnett v. State,* 76 S.W.3d 739, 740 (Tex.App.-Waco 2002, pet. ref'd); *Alcott v. State,* 26 S.W.3d 1, 4 (Tex.App.-Waco 1999), *aff'd,* 51 S.W.3d 596 (Tex.Crim.App.2001); *Gonzalez v. State,* 659 S.W.2d 470, 474–75 (Tex.App.-Corpus Christi 1983, pet. ref'd).

**3.** Nor is a hearing required if the defendant fails to present the motion for new trial to the trial court. *See Rozell v. State,* 176 S.W.3d 228, 230 (Tex.Crim.App.2005). Bitterman presented his motion to the trial court.

draw his plea." *Bitterman*, 180 S.W.3d at 143; *accord Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).

█ To paraphrase the Court of Criminal Appeals, the State committed a "flagrant violation of [Bitterman's] plea agreement." *Bitterman*, 180 S.W.3d at 144. Bitterman called this breach to the court's attention in his motion for new trial, which the court allowed to be overruled by operation of law after a hearing. The court thus abused its discretion because "the flagrant violation of [Bitterman's] plea agreement by the State ... rendered his plea involuntary." *See id.; Besch*, 87 S.W.3d at 589–91. Accordingly, we sustain Bitterman's second issue.

We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.