### GARMAN v. MYERS et al.

No. 28009. June 14, 1938.

142

John W. Mee and M. H. Parry, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and John H. Poe, Asst. Atty. Gen. (V. J. Bodovitz, of counsel), for defendants in error.

CORN, J. March 11, 1937, plaintiff in error, plaintiff below, brought a mandamus action against Boyd S. Myers, chairman of State Board of Registration for Professional Engineers, and all the members and the board itself, alleging his application for registration, as required by article 22, chap. 24, S. L. 1935, known as Engineering Act of 1935.

His petition alleged proper filing of his application, January 26, 1937; full compliance with act and that no disqualifying evidence was presented; evidence presented was sufficient to entitle him to registration; in refusing license, board acted arbitrarily and with a malicious intent to deprive plaintiff of right to pursue his profession, since he had more than 10 years' experience and by statute it was mandatory upon board for this to be considered sufficient. Petition alleged plaintiff to be otherwise remediless, and asked mandamus to compel board to do official duty or show cause why it should not be done.

March 11, 1937, alternative writs of mandamus issued. March 19, 1937, defendants filed answer and return of the writs. The matter was heard by the court and peremptory writ of mandamus denied. Motion for new trial was overruled, and plaintiff has appealed, asking that mandamus issue from this court or, in alternative, the judgment be reversed and lower court instructed to issue the writ.

Plaintiff first claims error on part of trial court in finding board did not act arbitrarily and capriciously in refusing to license plaintiff, there being no evidence before the board or court indicating plaintiff had not had eight years' experience. This argument is based upon the board's refusal to give him credit for four years' experience prior to 1927, as set out in his application, during which time he was in charge of design and construction of a gas system belonging to a company owned largely by his own family.

The pertinent portion of section 2 of the Engineering Act provides as follows:

"* * * The practice of professional engineering within the meaning and intent of this act includes any professional engineering service, such as consultation (sic), investigation, evaluation, planning, design, or responsible supervision of construction or operation in connection with any public or private utilities, structures, buildings, machines, equipment, processes, works, or projects, wherein the public welfare, or the safeguarding of life, health or property is concerned or involved, **when such professional engineering service requires the application of engineering principles and data. * * *"**

Plaintiff claims the board's disallowance of a part of his experience was based upon his youth at the time acquired, it being shown he began acquiring such experience when 17 years of age. He argues in this connection that, since the age requirement is 25 years for registration, one would necessarily have to begin acquiring his experience at such age in order to qualify.

However, the apparent intention of this act is, not to determine the age at which one can become a registered, professional engineer, but rather to determine the qualifications necessary for registration. The act itself specifies "* * * when such professional engineering service requires the application of engineering principles and data. * * *" Certainly, then, the efforts of a high school boy, wholly without training as to engineering principles and technical data, could not be called the application of engineering principles within the purview of the act, such as to bring his experience within the requirements of the act.

Merely because plaintiff was in charge of construction work did not constitute a showing that he was doing professional engineering work requiring the application of engineering principles and data. The showing in this respect was insufficient to establish that the experience gained was of the nature contemplated by the act. The act of the Legislature delegated authority to the board to investigate and determine whether experience claimed by an applicant for registration is sufficient to entitle him to registration.

The board passed upon plaintiff's application and found it to be insufficient to establish eight years of professional engineering experience under the definition of the statute. Plaintiff contends the board acted arbitrarily, capriciously, and in utter disregard of undisputed evidence, and that no disqualifying evidence existed.

Paragraph 2 of the syllabus in Boyle v. Rock Island Coal Mining Co., 125 Okla. 137, 256 P. 883, defines "arbitrariness" in the following manner:

" 'Arbitrariness' consists in conduct or acts

based alone upon one's will, and not upon any course of reasoning and exercise of judgment. If the matter, thing, or practice calling for the exercise of authority is one involving a controversy about which reasonable and experienced men differ, the authority exercised on either side of the controversy could not be said to be arbitrary."

Applying this statement to the facts in the instant case, we hold the board's action to have been proper, and not an arbitrary use of the power granted to it. There was a controversy as to plaintiff's experience, and whether same was sufficient to qualify him for registration. The board examined plaintiff's application and passed upon the question whether his experience was such as to qualify him within the meaning of the act, and there is nothing indicating an abuse of power by the board.

Plaintiff's third contention is that where all requirements are met and no disqualifying evidence exists controverting the experience set out by plaintiff, it is mandatory upon the board to issue certificate of registration, and that portion of the act stating, "Experience satisfactory to the board not permitting the board to exercise discretion so long as the experience falls within the definitions set out in section 2 of the act."

Plaintiff here contends that to hold the board has unlimited power to determine what constitutes engineering experience is to say the Legislature provided no rule or standard to test the qualifications, in effect leaving the entire matter to an arbitrary declaration of the board.

Such is not our understanding of either the act or the power vested in the board. Plaintiff argues in this respect that the provision of the act stating, "of a character satisfactory to the board," does not permit an exercise of discretion by the board, so long as the experience claimed falls within the definitions of professional engineering as set forth in section 2 of the act, saying the delegation of an arbitrary power would clearly be unconstitutional.

We find no merit in this argument. The Legislature created this board, defined the phases of engineering to be considered, and empowered this board to pass upon applicants, to determine whether they were properly qualified under the terms of the act itself. No arbitrary power was vested in the board, the only power vested in the board being the power to examine applicants under the standards set forth in the act. The board did not prescribe what constituted engineering experience, but only, after hearing plaintiff's application, determined by applying the standard set up in the act itself that certain experience claimed by plaintiff was not the type of engineering service requiring the application of engineering principles.

In view of what has already been said, the plaintiff's second proposition that the trial court's judgment is not sustained by the evidence merits no further discussion.

The fourth contention attempts to raise the question of constitutionality. Inasmuch as the question of the constitutionality of the act or any part thereof was not raised in the court below, we are not called upon to decide that question at this time.

Judgment affirmed.

BAYLESS, V. C. J., and RILEY, GIBSON, and HURST, JJ., concur.