Arthur E. LANE, Plaintiff in Error,

v.

STATE BOARD FOR REGISTRATION OF PROFESSIONAL ENGINEERS, an Agency of the State of Oklahoma, Defendant in Error.

No. 42224.

Supreme Court of Oklahoma.

March 10, 1970.

Rehearing Denied April 7, 1970.

Clarence A. Warren, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., of Oklahoma, Brian H. Upp, Asst. Atty. Gen., for defendant in error.

LAVENDER, Justice.

This appeal involves the judgment of a district court which denied a petition by Arthur E. Lane (the plaintiff in error herein and plaintiff below) for a writ of mandamus commanding the State Board for Registration of Professional Engineers (the defendant in error herein and defendant below) to register the plaintiff as a "professional engineer" and issue to him a certificate of such registration. The Board was created by the 1935 statutes which later appeared as 59 O.S.1961, §§ 421 and 422.

As we understand the situation, the appeal involves only the discretion or judgment, if any, of that Board in the matter of determining whether the application of a resident applicant for registration as a professional engineer disclosed that he was qualified, by the practical experience reflected in his application, to engage in "the practice of professional engineering," as that term was defined in 59 O.S.1961, § 412 and, therefore, entitled by law to be registered as a professional engineer, as provided for in 59 O.S.1961, §§ 441 and 442, without being required to take any examination on basic engineering subjects.

The entire matter arose while 59 O.S. 1961, §§ 411 and 412, 421 through 429, 441 through 453, and 471 were still in effect. Unless otherwise indicated, section numbers mentioned hereinafter refer to the sections of Title 59, Oklahoma Statutes 1961.

The 1935 act became effective on May 13, 1935. Section 1 of that act (Section 411) provided that, in order to safeguard life, health and property, any person thereafter practicing, or offering to practice, professional engineering in this state shall be required to submit evidence that he or she is qualified so to practice and shall be registered as provided for in the act. That section, and Section 24 of the 1935 act (Section 453), made it unlawful, and a mis-

demeanor punishable by a fine of not less than $100 or more than $500, or by imprisonment for a period not exceeding 90 days, or both, from and after six months from the effective date of the act, for any person not duly registered under the act, and not exempted from registration as provided for in the act, to practice, or offer to practice, professional engineering in this state. Section 17 of the 1935 act (Section 446), mentioned above, prescribed the only exemptions from registration under the act.

Section 2 of the 1935 act (Section 412) provided, in the first sentence thereof, that:

"The term 'Professional Engineer' as used in this Act shall mean a person who, *by reason of his knowledge of mathematics, the physical sciences, and principles of Engineering,* acquired by professional education and/or practical experience, is qualified to engage in engineering practice as hereinafter defined."

(Emphasis supplied.)

The exact term "engineering practice" was not defined in the act, but, apparently, it was used in that sentence of Section 412 in exactly the same sense that the term "the practice of professional engineering" was used elsewhere in the act, for the second sentence of that section (412) provided that:

"The practice of Professional Engineering within the meaning and intent of this Act includes any *professional* engineering service, such as consultation, investigation, evaluation, planning, design, or responsible supervision of construction or operation in connection with any public or private utilities, structures, buildings, machines, equipment, processes, works, or projects, *wherein the public welfare, or the safeguarding of life, health or property is concerned or involved,* when such professional engineering service requires the application of engineering principles and data, provided that the term 'professional engineering service' as defined in this Section shall not be construed to include the occupation of an 'architect' as defined in [the

statute that later appeared as 59 O.S. 1941 § 38, and was repealed in 1947]. (Emphasis supplied.)

This is the sense in which the last-defined term is used, within quotation marks, in our discussion of the problem herein.

Sections 3, 4 and 5 of the 1935 act (Sections 421, 422 and 423) created the State Board for Registration of Professional Engineers to carry out the provisions of the act, and provided that the Board be composed of five "registered professional engineers," appointed by the Governor—with certificates of registration as professional engineers being issued by the Governor to the first five members appointed under the act. Each appointee was required to have been engaged in the practice of his profession for at least ten years and to have been in responsible charge of professional engineering work for at least five years.

Section 12 of the 1935 act (Section 441) —divided herein for easier reading—provided that:

"The Board, upon application on the form prescribed by it, and upon the payment of a fee of Twenty-five ($25.00) Dollars, and except as hereinafter provided, shall issue a certificate of registration as a Professional Engineer to any person who submits *evidence satisfactory to the Board* [that] he or she is qualified to practice *Professional Engineering.*

*In evaluating the evidence,* submitted to it, *the Board shall carefully consider the applicant's knowledge and understanding of the principles of mathematics, physics, engineering, and applicable engineering sciences.*

Provided, that no person shall be eligible for registration as a Professional Engineer who is not at least twenty-five (25) years of age, or who is not of good character or repute, or

who has not been actively engaged for at least eight (8) years in *professional engineering, which professional experiences are to be of a character satisfactory to the Board;*

however, each year of the study of engineering in a school or college satisfactory to the Board shall be considered the equivalent of One (1) year's active practice, but the total number of years of study which may be credited to such eight (8) years of active practice shall not exceed four (4) years; except that graduation from an engineering school or college of recognized high standing satisfactory to the Board shall be deemed equivalent to five (5) years of active practice." (Emphasis supplied.)

The plaintiff relies, in part, upon Section 442 (Section 13 of the 1935 act), which provided that:

"*Unless disqualifying evidence exists,* the following facts established in the application, *upon verification by the Board,* shall be regarded as evidence satisfactory to the Board that the applicant is qualified to practice as a Professional Engineer, or Engineer-in-Training, to wit:

"1. Professional Engineers:

"(a) A specific record of eight (8) years, or more, of active engagement in *engineering work of a character satisfactory to the Board,* or

"(b) Graduation from a school or college approved by the Board as of satisfactory standing, having a course in engineering of not less than four (4) years, and a specific record of an additional three (3) years of active engagement in *engineering work of a character satisfactory to the Board.*" (Emphasis supplied.)

The defendant Board relies, in part, upon Section 443 (Section 14 of the 1935 act), wherein it was provided that:

"Applicants for registration, *in cases where the evidence presented in the application does not appear to the Board conclusive nor warranting the issuing of a certificate of registration,* may be required to present, for the consideration of the Board, further evidence, and may also be required to pass an oral or written examination, or both, as the

Board may determine." (Emphasis supplied.)

It was also provided in that section (Section 443) that:

"A majority vote of the members of the Board shall be required to pass upon the qualifications of the applicant for registration."

In the present case, there was no question but that the plaintiff was more than 25 years of age when he presented his application to the Board, and the Board did not, and does not, raise any question concerning his character or reputation. Consequently, the question is whether or not the plaintiff was "eligible" for registration as a professional engineer, as "qualified," by actual experience.

This plaintiff's application for registration as a professional engineer reflected a record of some 28 years of actual experience in various kinds of activities connected with, or incidental to, various types of projects, substantially all of which *projects,* the then-chairman of the defendant Board testified, involved "civil engineering."

Although his testimony was not in the language hereinafter set forth, the registered professional engineer who was Chairman of the defendant Board at all times concerned, testified in substance and effect that it was the unanimous opinion and vote of the five members of the Board that the evidence concerning the plaintiff's actual experience did not warrant the issuing of a certificate of registration, because, in the opinion of the five members of the Board, it did not clearly reflect a specific record of at least eight years of active engagement in engineering work of a character which constituted "the practice of professional engineering," as that term was defined in Section 412.

However, upon the theory that it was still possible that the plaintiff—through his long years of "exposure" to civil engineering projects—might have acquired sufficient knowledge and understanding of the basic principles of mathematics, physical sciences, and engineering to qualify him as a "professional engineer," as that term was defined in Section 412, the Board required him to take a written examination involving those principles but limited almost entirely to those involved in civil engineering. When he failed to pass that examination, the Board allowed him to take a second written examination of the same general character, which he also failed to pass. As a result of the foregoing, the Board, by unanimous vote of the five members thereof, refused to issue him a certificate of registration as a professional engineer.

Although it was stipulated at the trial that the plaintiff asked that he be allowed to take a second examination, after failing the first one, it was also stipulated that, insofar as these examinations are concerned, the plaintiff does not question the character, scope or fairness of either of the examinations, but simply denies the Board's authority (in the face of the plaintiff's record of actual experience in engineering work as reflected in his application, and the Board's not questioning the truth of any of the statements concerning his actual experience as set forth in his application, or the plaintiff's age or good character) to require this plaintiff to take and pass any examination as a prerequisite to issuing him a certificate of registration as a professional engineer.

Trial to the court resulted in a general finding in favor of the defendant Board and a judgment in favor of the defendant, expressly denying the plaintiff any relief against the defendant.

The plaintiff presents all of his assignments of error in the single proposition that the trial court erred in denying his application for a writ of mandamus, because, under his record of actual experience in engineering work as set forth in his application for registration as a professional engineer, and the applicable statutes when the Board did not question an applicant's age or good character, or the truth of his statements concerning his actual experience

in engineering work as set forth in his application, the Board had absolutely no discretion in the matter but had a clear legal duty to issue to the applicant a certificate of registration without requiring any further evidence or that the applicant take any examination.

Both parties cite the 1938 case of Garman v. Myers, Chairman of State Board of Registration for Professional Engineers, et al., 183 Okl. 141, 80 P.2d 624, as being the only Oklahoma case involving these "professional engineering" statutes, and we have found no other Oklahoma case on the subject. The defendant Board relies upon the holding, and the statements of law, in that opinion for the legal theory behind its actions in the matter; and the plaintiff relies, in part, upon some of the statements of law in that opinion for the legal theory behind his contention that it was the Board's legal duty to issue to him a certificate of registration as a professional engineer, without requiring him to take any examination, and that, therefore, his failure to pass the two examinations that the Board, without authority, required him to take must be disregarded. The opinion does support the legal theories of both of the parties herein, but does not completely solve our problem.

In the Garman case, the plaintiff's application for registration reflected a record of about ten years in various types of work which might be considered to be engineering work. After considering the application, the Board refused registration on the ground that the application did not clearly disclose a record of at least eight years of practical experience in professional engineering service which constituted "the practice of professional engineering," as defined in Section 2 of the 1935 act (Section 412), because some four years of the experience relied upon by the applicant was in work which did not require the application of engineering principles and data. The applicant sought a writ of mandamus in the district court commanding the Board to issue to him a certificate of registration, on the ground that, since his application dis-

closed a record of more than ten years of actual experience in engineering work, and by statute [Section 13 of the 1935 act (Section 442)], it was mandatory upon the Board since there was no disqualifying evidence, to consider as being sufficient his ten years of actual experience listed in his application; and that, therefore, the Board acted arbitrarily in refusing registration. The trial court found that the Board had not acted arbitrarily, in the circumstances, and denied the writ of mandamus. The applicant appealed to this court, and the judgment of the trial court was affirmed.

In disposing of a contention by the plaintiff in that case that the provision in Section 12 of the 1935 act (Section 441) that the applicant's experience be "of a character satisfactory to the Board" and the provision in Section 13 of the 1935 act (Section 442) that the applicant's engineering work be "of a character satisfactory to the Board," if they gave the Board the arbitrary power to refuse registration on the ground that the applicant was not qualified, by his actual experience, to be registered as a professional engineer, where the actual experience set out in the application met the statutory requirements and no disqualifying evidence existed controverting the experience set out in the application, this court said that that was not its understanding of the act or of the power vested in the Board, and in that connection, said:

"* * * The Legislature created this Board, defined the phases of engineering to be considered, and empowered this Board to pass upon applicants, to determine whether they were properly qualified under the terms of the Act itself. No arbitrary power was vested in the Board, the only power vested in the Board being the power to examine applicants under the standards set forth in the Act. * * *."

The four years of work rejected by the Board in the Garman case were the first four years of work listed by the plaintiff in his application, and commenced when he was 17 years of age and still in high school.

During that four years, according to his application, the plaintiff was "in charge of" design and construction of a gas system (which, apparently, the evidence disclosed belonged to a company owned largely by his family). This court said that merely because the plaintiff was in charge of construction work did not constitute a showing that he was doing "professional engineering work requiring the application of engineering principles and data" (which is a part of the statutory definition of the term "the practice of professional engineering," quoted in that case). It also said that the efforts of a high school boy, wholly without training as to engineering principles and technical data, could not be called the application of engineering principles and data within the purview of the act, such as to bring that experience within the requirements of the act.

Then, after stating that "The Act of the Legislature delegated authority to the Board to investigate and determine whether experience claimed by an applicant for registration is sufficient to entitle him to registration," and that the Board, in that case, passed upon the plaintiff's application and found it to be insufficient to establish eight years of "professional engineering experience under the definition of the statute," the court rejected the plaintiff's contention that, since no disqualifying evidence existed, the Board acted arbitrarily, capriciously and in utter disregard of undisputed evidence by applying the definition of arbitrariness set forth in the second paragraph of the syllabus to Boyle v. Rock Island Coal Mining Co. et al. (1925), 125 Okl. 137, 256 P. 883:

"'Arbitrariness' consists in conduct or acts based alone upon one's will, and not upon any course of reasoning and exercise of judgment. If the matter, thing, or practice calling for the exercise of authority is one involving a controversy about which reasonable and experienced men differ, the authority exercised on either side of the controversy could not be said to be arbitrary."

It is quite clear that the Garman case is of no help to the plaintiff in the present case unless his application for registration as a professional engineer, based entirely upon actual experience, disclosed a specific record of at least eight years of actual experience in professional engineering service constituting "the practice of professional engineering," as that term was defined in Section 412 (Section 2 of the 1935 act).

Apparently in an effort to make a slightly different argument concerning the effect of Section 442 than was made by the plaintiff in the Garman case concerning the same statute, the plaintiff in the present case also argues that the initial four words of that section—"Unless disqualifying evidence exists"—refer only to "disqualifying" evidence concerning the applicant's age and/or character, and do not refer to disqualifying" evidence concerning the applicant's actual experience as set forth in his application; and, therefore, that the practical effect of the balance of that section is exactly the same as the section of the Michigan act relating to architects, professional engineers and land surveyors that was involved in the Michigan case of Waier v. State Board of Registration for Architects, Professional Engineers and Land Surveyors, 303 Mich. 360, 6 N.W.2d 545:

"At any time within five years after this act becomes effective the Board shall accept as conclusive evidence that an applicant is qualified for registration without examination, as an architect or as a professional engineer, a specific record of at least twelve years of active practice as an architect, or as a professional engineer, previous to the effective date of the act."

We agree that the provisions of Section 442, involved herein, would have substantially the same effect as that Michigan statute in situations to which it applied. However, we do not agree with the plaintiff herein as to the situations to which it applied. We think that the legislative intent was for Sections 442 and 443 (Sections 13 and 14 of the 1935 act) to be applicable to

two exactly-opposite situations, with Section 443 clearly being applicable in instances "where the evidence presented in the application does not appear to the Board conclusive and warranting the issuing of a certificate of registration."

We hold that, with respect to application for registration as a professional engineer, based entirely upon actual experience in engineering-related work, the provisions of 59 O.S. 1961, § 442 applied when, but only when, such an application clearly disclosed a specific record of at least eight years of actual experience in professional engineering services constituting "the practice of professional engineering," as that term was defined in 59 O.S. 1961, § 412, and there was no evidence controverting the applicant's age or good character or the truth of the statements concerning his actual experience in engineering-related work as reflected in the application.

We also hold that, in the 1935 act involved herein, the Legislature created the State Board of Registration for Professional Engineers for the express purpose, among other things, of determining whether or not an application for registration as a professional engineer as provided for in Section 12 and Section 13 or 14 of that act (59 O.S.1961, § 441 and § 442 or 443) did, in fact, disclose a specific record of the statutorily-required number of years of actual experience in professional services constituting "the practice of professional engineering," as defined in Section 2 of that act (59 O.S. 1961, § 412), and, by necessary implication, required, as well as authorized, the members of that Board to exercise their professional judgment, as experts in the field of professional engineering, in making such determination.

In the present case, the plaintiff's only argument concerning his actual experience is that "Certainly, it cannot be successfully argued that out of 29 years of experience, Mr. Lane has not had at least 8 years of the character of experience contemplated by the legislature;" and that, therefore, the Board must have ignored completely his

record of actual experience and refused to issue a certificate of registration to him solely on the theory that, in the opinion of the members of the Board, he really was not competent to practice as a professional engineer.

After considering this plaintiff's application for registration as a professional engineer, the provisions of the 1935 act involved herein, the pertinent amendments to those statutes, the evident legislative intent and propose as expressed in those statutes, and the evidence adduce at the trial, we cannot justifiably say that the Board's actions, as hereinabove outlined, were the result of the Board members' "arbitrariness" (as that term is defined in Boyle v. Rock Island Coal Mining Co., supra, and quoted in Garman v. Myers, Chairman of State Board of Registration for Professional Engineers, supra) rather than the result of the exercise of an honest, professional judgment by the members of the Board, as experts in the field of professional engineering, that the plaintiff's application for registration did not clearly and conclusively disclose a specific record of the statutorily-required number of years of actual experience in professional engineering services constituting "the practice of professional engineering," as defined in those statutes.

The plaintiff did not make it appear that, under the statutes involved, the defendant Board had the clear legal duty to issue to him a certificate of registration as a professional engineer without requiring him to take and pass an examination concerning his knowledge and understanding of the basic principles of engineering.

The views expressed herein make it unnecessary for us to consider the other contentions, raised by the Board in the trial court as well as in this court, as to why the plaintiff was not entitled to a writ of mandamus against the Board.

Judgment affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, HODGES and McINERNEY, JJ., concur.