PSYCHOLOGISTS — EXEMPTION FROM LICENSURE Those individuals employed in an occupation exempted under 59 O.S. 1353 [59-1353](b) (1971) as a faculty member psychologist cannot use that exemption from licensure in the private practice of psychology. This opinion does not affect those who practice psychology solely in the position of psychologist within one of the agencies enumerated in 59 O.S. 1353 [59-1353](b) (1971). The Attorney General has considered your opinion request wherein, in effect, you ask the following question: May a faculty member psychologist at the University of Oklahoma Health Sciences Center maintain a part-time private practice for the purpose of supplementing his salary from the Center without forfeiting his exemption under Section 1353(b) of Psychologists Licensing Act, 59 O.S. 1971? Title 59 O.S. 1351 [59-1351] (1971) et seq. of the statutory provisions enacted by the Legislature provide for a Psychologists Licensing Act. Title 59 O.S. 1353 [59-1353] (1971) of this Act provides in relevant part: ". . . No person may represent himself to be a psychologist or engage in the practice of psychology unless he is licensed under this act. . ." In addition to those mandatory requirements enumerated in the Act, certain exceptions to the licensing requirement were provided by the Legislature. For example, 59 O.S. 1353 [59-1353](b) (1971) provides: "The activities, services, and use of an official title on the part of a person in the employ of a federal, state, county or municipal agency, or of other political subdivisions, or a duly chartered educational or institution insofar as such activities and services are a part of the duties of his office or position with such agency or institution." It is a well recognized rule of law in Oklahoma that there is no need to construe or interpret a statute which by its terms is plain and unambiguous. Special Indemnity Fund v. Harold, Okl.,398 P.2d 827. It is clear that the Legislature intended by this Act to provide licensing requirements for those who are engaged in the private practice of psychology in the State of Oklahoma. Therefore, the plain reading of the statute leaves the obvious implication that all psychologists who are engaged in the private practice of psychology come within the provisions of the Act and must be licensed before engaging in such private practice. It is likewise clear that the Legislature intended to exempt those individuals engaged in the practice of psychology while employed in the agencies enumerated in 59 O.S. 1353 [59-1353](b) (1971) cited above. The statutes are silent, however, to those persons who are engaged in the practice of psychology partly in a position enumerated in Section 59 O.S. 1353 [59-1353](b), supra, and those partly engaged in the practice of psychology privately. Therefore, we must revert to the construction of the exemption statute since the plain and unambiguous language of the Licensing Act require that one practicing psychology other than in those positions enumerated by Section 1353 (b) must be licensed by the Board of Psychology. 51 Am.Jur.2d 35 provides: "The courts are hesitant to find implied exemptions from licensing requirements or impositions. And the rule of strict construction is generally applied so as to require a person who claims the benefit of an express exemption provision to make a clear showing that he comes within the contemplated class." Section 59 O.S. 1353 [59-1353](b) indicates clearly that the activities and services of the psychologist must be a part of his duties of the office or position with the agency or institution cited earlier in the statute. This language indicates a limitation on the application of the exemption, in that, it appears clear that individuals engaged in the practice of psychology must do so solely in their official capacity at one of the agencies enumerated therein. It therefore follows that the exemption of Section 1353(b) will not extend to those individuals who are engaged partly in private practice even though that practice might be approved or required by the institution where he is employed. Historically, strict construction has been applied by the Oklahoma courts when concerned with questions of licensure to practice a particular profession controlled by statute. Garmen v. Myers, 183 Okl. 141, 80 P.2d 624; Lane v. State Board for Registration of Professional Engineers, Okl.,468 P.2d 784. Likewise, this office has closely followed the plain wording of the statutes controlling licensed professions in the analogous situation of qualification for licensure. Attorney General's Opinions No. 69-299 and No. 70-153. We are therefore bound by the plain and unambiguous language of the Licensing Act which indicates that all those engaged in the practice of psychology in the State of Oklahoma must be subject to the requirements of the Licensing Act. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Those individuals employed in an occupation exempted under 59 O.S. 1353 [59-1353](b) (1971) as a faculty member psychologist cannot use that exemption from licensure in the private practice of psychology. This opinion does not affect those who practice psychology solely in the position of psychologist within one of the agencies enumerated in 59 O.S. 1353 [59-1353](b) (1971). (Robert H. Mitchell)