NO. PD-0853-15

**853-15**

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 05 2015

Abel Acosta, Clerk

CASEY TILLISON,
Appellant/Petitioner

VS.

THE STATE OF TEXAS,
Appellee/Respondent

---

APPELLANT'S PRO SE PETITION FOR DISCRETIONARY REVIEW

---

In Appeal No. 10-13-00403-CR

from the

Court of Appeals

for the Tenth Judicial District

Waco, Texas

FILED IN
COURT OF CRIMINAL APPEALS

OCT 06 2015

Abel Acosta, Clerk

Casey Tillison
TDCJ #01973717

address = Telford Unit
Co. Rd 4011
New Boston, Tex 75570

I.

APPELLANT

Casey Lee Tillison, Pro Se

APPELLEE

The State of Texas

DEFENSE COUNSEL AT TRIAL

Original Plea and Adjudication

Julissa Martinez

Attorney at Law

107 Kaufman St.

Waxahachie, Texas 75165

STATE'S ATTORNEYS AT TRIAL

On the Original Plea: Mr. Patrick Wilson

On the Adjudication: Amy L. Lockhart

Ellis County District Attorney's Office

109 South Jackson Street

Waxahachie, Texas 75165

APPELLANT'S ATTORNEY AT 10th COURT OF APPEALS

Juanita Bravo Edgecomb

Attorney at Law

306 Sixth Street

Waxahachie, Texas 75165

STATE'S ATTORNEY ON APPEAL

Patrick Wilson (or his designated representative)

Ellis County District Attorney's Office

109 South Jackson Street

Waxahachie, Texas 75165

STATE'S PROSECUTING ATTORNEY

P.O. Box 12405, Capital Station

Austin, Texas 78711

# TABLE OF CONTENTS

Pg.

IDENTITY OF PARTIES................................... II.

INDEX OF AUTHORITIES.................................. IV.

STATEMENT REGARDING ORAL ARGUMENT..................... 1.

STATEMENT OF THE CASE................................. 2.

STAEMENT OF PROCEDURAL HISTORY........................ 3.

GROUNDS FOR REVIEW ................................... 4.

GROUND FOR REVIEW NUMBER ONE:

Whether Texas Code of Criminal Procedure Article 42.12§5 is unconstitutional because it undermines the Fundamental Rights of the accused by subjecting the accused to unconscionable terms of probation which are subject to arbitrary enforcement by the trial court without legitimate adversarial testing.

GROUND FOR REVIEW NUMBER TWO:

Whether Texas Code of Criminal Procedure Article 37.07 §3(a) "breaches" a plea agreement by introducing evidence that was not considered in the original plea deal and therefore renders the statute unconstitutional.

ARGUMENT NUMBER ONE................................... 5.

ARGUMENT NUMBER TWO .................................. 12.

PRAYER FOR RELIEF..................................... 15

CERTIFICATE OF SERVICE................................ 16.

APPENDIX "A"[COA Opinion]............................. 17.

## INDEX OF AUTHORITIES

Pg.

Barnier v. Connelly, 6 S.Ct.357, 113 U.S.27, 28 L.Ed.2d (1985) ........................................ 7

Bitterman v. State,180 S.W.3d 139,141 (Tex.Crim.App.2005) ................................ 12

Brink v. State,78 S.W.3d 478,483 (Tex.App.-Houston [14th Dist.] 2001)................ 9

Dinnery v. State,592 S.W.2d 343,353 (Tex.Crim.App.1980)................................ 8

Evitts v. Lucy,469 U.S.387,369-399,105 S.Ct.830,835-36, 83 L.Ed.2d 821 (1986)................................ 14

Garmen v. Meyers, 183 Okl.141, 80 P.2d 624,626.......... 14

Grayned v. City of Rockford, 408 U.S.104, 92 S.Ct.2294, 33 L.Ed.2d 222m228 (1978)................................ 11

Johnson v. State, 673 S.W.2d 290,294 (Tex.Crim.App.1984)................................ 9

Kolendar v. Lawson,461 U.S.352,357-58 (1983)................................................11

Lowry v. State,692 S.W.2d 86,87 (Tex.Crim.App.1985)................................ 9

Mabry v. Johnson,467 U.S.504,510, 104 S.Ct.2543, 81 L.Ed.2d 437 (1984)................................ 12

Robles v. State,577 S.W.2d 699........................ 9

Santobello v. New York,404 U.S.257,262, 92 S.Ct.495, 30 L.Ed.2d 427 (1971)................................ 12

Smith v. Goguer, 415 U.S.566 (1974)................... 11

Taylor v. State,131 S.W.3d 497 (Tex.Crim.App.2004) ................................ 5

2300 Inc. v. City of Arlington,888 S.W.2d 123 (Tex.App.[2nd Dist.] 1994) ........................ 6

### STATUTES

Tex.C.Crim.Proc.Art.1.15................................ 9

Tex.C.Crim.Proc.Art.1.14(a)........................... 9

Tex.C.Crim.Proc.Art.37.07§3(a) ....................... 4

Tex.C.Crim.Proc.Art.42.12§5 ......................... 4

## CONSTITUTIONS

Pg.

TEXAS CONSTITUTION:

Art.I §3 ................................................ 6

Art.I §10................................................ 7

Art.I §19..............................................7

UNITED STATES CONSTITUTION:

Amend.5................................................ 7

Amend.6................................................ 7

Amend.14................................................ 6

## REFERENCE

Blacks Law Dictionary................................. 14

NO. PD-0853-15

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

CASEY TILLISON,
        Appellant/Petitioner

VS.

THE STATE OF TEXAS,
        Appellee/Respondent

---

APPELLANT'S PRO SE PETITION FOR DISCRETIONARY REVIEW

---

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Appellant/Petitioner respectfully submits this Petition for Discretionary Review and moves that this Honorable Court grant review of this cause and offers the following support thereof:

STATEMENT REGARDING ORAL ARGUMENT

The Appellant/Petitioner requests oral argument in this case because such argument may assist the Court in applying the facts to the issues raised. It is suggested that oral argument may help simplify the facts and clarify the issues.

1.

## STATEMENT OF THE CASE

The indictment alleged that Appellant committed the offense of aggravated sexual assault of a child on or about October 3, 2009 by causing the penetration of complainant's sexual organ with his finger when she was younger than 14 years of age. On April 9, 2012, pursuant to a plea bargain agreement with the State, Appellant pled guilty, the adjudication of guilt was deferred, and Appellant was placed on community supervision for a period of 10 years.

On June 6, 2014, the State filed a Motion to Proceed with an Adjudication of Guilt alleging that Appellant violated conditions of probation: Failing to pay probation fees, court costs and fines self-reporting contact with minors, failed to participate in sex offender counseling until successfully discharged, failed to submit to polygraph testing, and having access to internet without monitoring.

Appellant pled not true to the allegations in the motion to adjudicate. After hearing the evidence the trial court held that the evidence was insufficient to find that Appellant had violated three of the six alleged in the motion. The motion was granted on the basis of a finding that Appellant had violated the other three. The trial court assessed punishment at 65 years confinement in the Texas Department of Criminal Justice. Appellant's attorney did not file a motion for new trial. Notice of Appeal was timely filed. Appellate Court Affirmed the trial court's judgement. No Motion for rehearing was filed.

2.

## STATEMENT OF PROCEDURAL HISTORY

In Cause No. 36,116 the Appellant/Petitioner was charged with the offense of Probation Violation -- Aggravated Sexual Assault of a Child. The Appellant/Petitioner was convicted of such offense pursuant to a motion to proceed with adjudication on December 4, 2014 and appealed the conviction. On July 2, 2015 the Waco Court of Appeals affirmed the conviction. No motion for rehearing was filed. On _9 - 30_ , 2015 this Petition for Discretionary Review was timely forwarded to the Court of Criminal Appeals pursuant to Rule 9.2(b), Texas Rules of Appellate Procedure.

3.

## GROUNDS FOR REVIEW

### Ground One

Whether Texas Code of Criminal Procedure Article 42.12 § 5 is unconstitutional because it undermines the Fundamental Rights of the accused by subjecting the accused to unconscionable terms of probation which are subject to arbitrary enforcement by the trial court without legitimate adversarial judicial testing.

### Ground Two

Whether Texas Code of Criminal Procedure Article 37.07 § 3(a) "breaches" a plea agreement by introducing evidence that was not considered in the original plea deal and therefore renders 37.07 unconstitutional.

4.

Whether Tex.Code Crim.Proc.Art 42.12 §5(a)(b) undermines the Fundamental Constitutional Rights of the accused by reducing those Rights to arbitrary and unconscionable terms and condiotions?

---

## Deferred Adjudication

Deferred adjudication is one of the many options available to trial courts in criminal cases. When applicable, the judge may "defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision." The judge "may impose a fine applicable to the offense." If the defendant violates a condition of community supervision, the court may proceed to adjudicate guilt and assess punishment.

We have noted that "the true objective" of deferred adjudication "is to divert the accused from the gauntlet run of the criminal justice system" and allow the judge to "enter into a clearly understood pact with the accused that will induce and persuade hime to follow the diversionary road." During that time, there is no finding of guilt (68 S.W.3d 633), and no final conviction (36 S.W.3d 871). Instead the judge makes a finding that the evidence substantiates the defendant's guilt, and then defers the adjudication. The case is "temporarily stilled and the accused...[is] permitted the opportunity to demonstrate his capacity for prescribed good behavior during a specified period." If the defendant succeeds, the case, for most purposes, "disappears." If he fails, the case continues on as if it had never been interrupted. see Taylor v. State,131 S.W.3d 497 (Tex.Crim.App.2004).

## Analysis

There is an undeniable stigma attached when this statutory provision is applied to "sexual offenses." The inherently predjudicial nature of sexual offenses, demands that the accused recieve the full benefit of Constitutional protections and provisions to prevent societal support of government oppression "for the greater good." Arbitrary and Unconscionable statutes may seek to address the evils that plague society. But these tactics have historically proven detremental and lead to appressive government tactics which undermine the "adversarial" system which holds governmental power in check.

When this statute is analyzed in it's totality. The cumulative affect of the plea, deferred adjudication, community supervision terms and conditions, adjudication proceedings and sentencing practices reveal a systematic abridgment of the Fundamental Rights

### Equal Rights
### (Tex.Const.Art.I §3 & U.S.Const.Amend.14)

"If a statutory scheme infringes upon the fundamental rights or interests or burdens inherently suspect class, scheme is subject to strict scrutiny, and statutory classification must promote compelling state interest in order to be valid under equal protection clause; however, if statutory scheme does not involve fundamental right or suspect class, appropriate standard of review is whether classification is reasonable, not arbitrary, and bears reasonable relationship to legitimate state objective. 2300 Inc. v. City of Arlington, 888 S.W.2d 123 (Tex.App.[2nd Dist.] 1994).

Justice Field has defined the principle well in the United States Supreme Court case of Barnier v. Connolly, 6 S.Ct.357, 113 U.S.27, 28 L.Ed.923 (1985). He declared: "that equal protection and security should be given to all under like circumstances in the enjoyment of their personal and civil rights; that all persons should be equally entitled to pursue their happiness and aquire and enjoy property; that they should have like access to courts of the country for the protection of their persons and property, the prevention and redress of wrongs, and the enforcement of contracts; that no impediment should be interposed to the pursuits by others under like circumstances; that no greater burden should be laid upon one than are laid upon others in the same calling and conditions, or higher punishment should be imposed upon one than such as prescribed to all for like offenses."

As shown in Petitioner's case. The plea deprived him of Due Process and subjected him to a "higher standard" of terms and conditions of probation than those applied to other "felony" cases. The class distinctions applied to equal protection of law is "a person accused of a felony offense." It defies the principle of equal protection to make classification distinctions based on "elements" of an offense.

Fundamental rights and equal protection apply to persons "in all criminal prosecutions." see Tex.Const.Art.I § 10; "Citizens" see Tex.Const.Art.I § 19; "person" see U.S.Const.Amend.5; "All criminal prosecutions" see U.S.Const.Amend. 6 ; "persons and citizens" see U.S.Const.Amend.14.

7.

The Constitutions of Texas and the United States do not reduce rights and privalages based on the nature of a specific type of offense. To do so violates Equal Protection and creates undue prejudice for persons accused of inherently prejudicial offenses. The Penal Code establishes the framework to make distinctions between crimes. It is Arbitrary to create classes and impose greater burdens on a person accused of a "sexual offense" than on a person accused of a "non-sexual offense." Since the proper classification is "felony offense," which is divided by "penalty ranges."

## Self Incrimination
### (Tex.Const.Art.I § 10 & U.S.Const. Amend.5)

The Texas and U.S.Constitutions guarantee protection from the government compelling a person to give evidence against himself.

"It is well settled that a judicial confession, standing alone is sufficient to sustain a conviction upon a guilty plea." see Dinnery v. State, 592 S.W.2d 343, 353 (Tex.Crim.App.1980).

When the state uses the prosepect of "release" by entering a plea to recieve deferred adjudication probation and then uses that plea as evidence against the accused to establish guilt in the adjudication proceedings, the state has ultimately used probation to "compel" the accused to give evidence against himself.

In petitioner's case, the plea to recieve deferred adjudication probation presented an opportunity for immediate release from jail. Petitioner had been in jail unable to make bond for 10 months prior to the offer of probation. The prospect of immediate release was a compelling force used to get petitioner to give evidence against himself. This is a common tactic used by prosecutors.

8.

## Burden of Proof
### (Tex.Const.Art.I §§ 10,19 & U.S.Const.Amend.14)

The U.S.Supreme Court has held that it is a violation of the Due Process Clause of the 14th Amendment to shift the burden of proof in a criminal case to the defendant. see Lowry v. State, 692 S.W.2d 86,87 (Tex.Crim.App.1985). It is incumbant on the State to prove every element of the offense beyond a reasonable doubt. This is true whether the state is relying on circumstantial or direct evidence. see Johnson v. State, 673 S.W.2d 290,294 (Tex. Crim.App.1984).

Under Tex.Code Crim.Proc.Art.1.14(a) a defendant may waive any rights secured him by law. A heavy burden rests upon prosecution to demonstrate an intelligent, voluntary and knowing waiver of constitutional rights. see Robles v. State,577 S.W.2d 699. The law in Texas is clear that a guilty plea in a bench trial is not conclusive. Despite the defendant's plea, it is still necessary for the state to introduce evidence into the record showing the guilt of the accused. Tex.CodeCrim.Proc.Art.1.15 (Vernon's Supp. 2001). Brink v. State, 78 S.W.3d 478,483 (Tex.App.-Houston [14th Dist.] 2001 pet.ref'd). The issue in a criminal trial is whether the prosecution can, by legally admissible evidence, prove its allegations of criminal conduct beyond a reasonable doubt. Brink, 78 S.W.3d at 484.

Thus two fundamental questions are presented in every criminal trial: (1) does the prosecution have sufficient evidence of guilt to convicne a trier of fact beyond a reasonable doubt; and (2) is the evidence legally admissible?

9.

Petitioner asserts that when the state uses <u>Tex.Code Crim.Proc.</u> <u>Art.42.12 §5</u> to relieve itself of it's heavy burden of proof and further shift that burden of proof to the defendant. "adversarial testing" has been undermined. The state is using the plea bargain system under <u>Art.42.12 § 5</u> to avoid the burden of proof and shift the burden of proof while retaining the full scope of statutory power to obtain a conviction through a simpel motion to proceed with adjudication based on "hyper-critical" and unconscionable terms and conditions of probation.

## Void for Vagueness
### (Tex.Const.Art.I § 19 & U.S.Const.Amend.5,14)

<u>Tex.Code Crim.Proc.Art.42.12 §5(a)</u> is void for vagueness regarding the defendant be placed on "community supervision." The terms and conditions of community supervision are subject to third party practices and procedures not expressly governed by the trial court.

It is a basic principle of due process that an enactment is void ofr vagueness if it's prohibitions are not clearly defined. Vague laws offend important values.

First: Bevause we believe a man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited. Vague laws may trap the innocent by not providing fair warning on what is considered lawfully expected.

Second: If arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards. A vague law impermissibly delegates basic policy matters to policemen, judges and other officials for resolution on an ad hoc and subjective basis.

Third: Related where a vague staute "abuts upon sensitive areas

10.

of basic first amendment freedoms," and operates to inhibit those freedoms. see Grayned v. City of Rockford,408 U.S.104, 92 S.Ct.2294, 33 L.Ed.2d 222,228 (1978).

The Petitioner challenges the constitutionality of Art.42.12 §5 of the Code of Criminal Procedure on an important aspect of the vagueness doctrine..."the requirement that a legislature establish guidelines to govern lawenforcement."

Where legislature fails to provide minimal guidelines, a criminal statute may permit "standardless sweep allowing the pursuit of personal predilections." see Kolendar v. Lawson,461 U.S. 352,357-358 (1983)(quoting Smith v. Goguen,415 U.S.566 (1974). A law must be sufficiently definite that its terms and provisions may be known and understood and applied otherwise it is void and unenforceable.

If the court is unable to know what is prohibited from the face of the statute, then the law is void for vagueness. Here the judiciary has to construe third party terms and apply the findings to vague and even ambiguous statutory terms.

The failure of legislature to declare exactly what matters in the "requirements" of community supervision, appears to have attempted to shift the policy issues to the judiciary.

It is unreasonable to believe that the Court and the defendant were "aware" of the specific requirements that are placed on the defendant when deferred adjudication probation is implemented. The statute is void for vagueness under Article I § 19 of the Tex.Const. and the 5th and 14th Amends. to the U.S.Const.

Whether the application of Tex-Code Crim.Proc.Art.37.07§3 in deferred adjudication Art.42.12§5(b) proceedings "breaches" the terms of the plea agreement by introducing evidence beyond what was "admitted" by defendant in original proceedings in a plea to recieve deferred adjudication probation.

Once a judge accepts the terms of an agreed plea bargain in open court, a defendant has an absolute right to have the State honor the terms it agreed to. see Bitterman v. State,180 S.W.3d 139,141 (Tex.Crim.App.2005). If the State fails to honor a promise that is part of an executed plea agreement, the defendant is put in a position where he pled guilty based on a false premise and therefore, his plea is considered involuntary. Id. at 141-42. The State must fulfill any agreements it makes to induce a defendants plea. see Santobello v. New York, 404 U.S.257,262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The State violates due process if it breaches an executed plea bargain agreement. see Mabry v. Johnson, 467 U.S.504, 510, 104 S.Ct.2543, 81 L.Ed.2d 437 (1984).

## Impaired Obligation

"to weaken [the contract], or lessen its value, or make it worse in any respect or in any degrees... Any law which changes the intention and legal effect of the orgiginal parties, giving to one a greater and to the other a less interest or benefit in contract impairs its obligation. 115 A. 484,486. "The extent of the change is immaterial. Any deviation from its terms by hastening or post poning the time of perofrmance which it prescribes, or imposes conditions not included in the contract, or dispensing with the

performance of those that are included. State statutes which do so are prohibited by Art.!,§10 of the U.S.Const.

Petitioner would show that the "evidence" established by the plea of guilty in the original proceedings became part of the "terms' of the plea agreement by virtue of an "expectation" by the Petitioner that if his probation was revoked and he faced adjudication it would be based on the evidence and facts from the original proceedings. The state was allowed by statute to present extraneous offenses during the sentencing portion of the adjudication proceedings which caused egregious harm by influencing a sentence that is disproportionate with a finding in the original proceedings that petitioner was guilty and "probation" was a viable option based on those findings. Then in the adjudication proceedings the court sentenced the petitioner to 65 years aggravated for violating terms of probation being the only added element.

The introduction of evidence under Art.37.07 §3 is unconstitutional when applied to Art.42.12§5 proceedings.

### Arbitrariness
#### (Tex.Const.Art.I §19 & U.S.Const.Amend.5,14)

By permitting trial courts to decide case by case what issues are relevant without first decalaring a policy or fixing a standard to be applied in plea bargain cases by which courts may be governed:

1) It introduces arbitrariness into punishment proceedings.

2) It eliminates his right to review trial court decisions.

3) It undermines the Texas Adversary System.

The right to appeal sentencing issues is eliminated by Art, 37.07 §3 because there is no standard which the court's decision can be measured by. There is no basis for objection.

13.

Article 37.07 §3(a)'s phrase "any matter the court deems relevant" meetes the very definition of arbitrariness:

Arbitrariness: Conduct or acts based alone upon one's will, and not upon any course of reasonaing and exercise of judgement. see Garmen v. Myers, 183 Okl.141 80 P.2d 624,626. Arbitrariness means as fixed or done capriciously ar at pleasure, without adequate determining principle. not found in the nature of things; nonrational, not done or acting according to reason. Black's Law Dict.' (p.96 West 5th Ed.1989) adds to this definition "in the present case what issues are relevant and therefore admissible is left completely to the unfettered whim of each trial court in Texas." Under Art.37.07§3(a) each judge is a legislature unto himself.

Appellant has a right to meaningful review od decisions complained of at the trial court level. see Evitts v. Lucy,469 U.S.387, 396-99, 105 S.Ct.830, 835-36, 83 L.Ed.2d 821 (1986).

Whatever a particular trial court deems relevant to the proceedings is admissible. Ther is no standard at all against which the trial court's decision can be measured in adjudication proceedings. If the trial court admits evidence as relevant, the decision can never be error, regardlless of the circumstances or whether a plea of guilty is involved. By eliminating any objectionable standard by which the trial courts may be guided, meaningful review is precluded regarding the admissibility and relevance of evidence at adjudication proceedings to assess punishment.' Where the issues are unnamed and undefined, they are impossible to dispute.

14.

## PRAYER FOR RELIEF

For the reasons staed above, it is respectfully submitted that the Court of Criminal Appeals of Texas should grant this Petition for Discretionary Review. And enter an order for any and all relief available to Petitioner from this Honorable Court.

Respectfully submitted,

Casey Tillison #1973717

address:

Telford Unit
Co. Rd. 4011
New BosTon, Tex 75570

15.

APPENDIX "A"


"Memorandum Opinion"



IN THE
TENTH COURT OF APPEALS

No. 10-14-00403-CR

CASEY LEE TILLISON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 40th District Court
Ellis County, Texas
Trial Court No. 36116CR

## MEMORANDUM OPINION

Casey Lee Tillison pled guilty to the offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i), (2)(b) (West 2011). The trial court deferred an adjudication of guilt and placed Tillison on community supervision for 10 years. Two years later, the State filed a motion to proceed with an adjudication of Tillison's guilt. After a hearing, the trial court found Tillison had violated three conditions of his community supervision, adjudicated Tillison guilty, and sentenced Tillison to 65 years in prison. Because the trial court did not abuse its discretion in

revoking Tillison's community supervision and adjudicating Tillison's guilt, but erred in imposing a fine that was not orally pronounced at sentencing, the trial court's judgment is modified to delete the fine and affirmed as modified.

ERROR IN THE JUDGMENT

In his first three issues, Tillison complains about error in the written judgment which, he contends, should be modified. First, Tillison contends the judgment should be modified to properly reflect the sections of the Texas Penal Code of which he was found to have been convicted. However, Tillison cites to nothing to support the proposition that the judgment in this case needs to be modified. As the Code of Criminal Procedure requires, the judgment accurately reflects that Tillison was convicted of the offense of aggravated sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 42.01, Sec. 1(13) (West 2006) ("The judgment shall reflect...the offense or offenses for which the defendant is convicted."). The Code does not require the statutory penal provisions or every nuance of the statutory penal provisions also be reflected in the judgment. The fact that the Penal Code provision cited along with the name of the offense in this particular judgment only refers to the subsection regarding the victim's age does not make the judgment in need of correction. Tillison's first issue is overruled.

Next, Tillison complains that the judgment must be reformed because the elected County and District Attorney for Ellis County was listed on the judgment instead of the

assistant who participated in the revocation hearing. Again, Tillison cites to nothing to show that the elected State's attorney cannot be named in the judgment if he did not participate in the proceeding resulting in the judgment. The Texas Code of Criminal Procedure states that a judgment shall reflect "[t]hat the case was called and the parties appeared, naming the attorney for the state . . . and the attorney for the defendant[.]" TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(2) (West 2006). The elected County and District Attorney for Ellis County is the attorney for the State in this case. Tillison's second issue is overruled.

Lastly, Tillison asserts the trial court erred in imposing a fine in its written judgment when the court had not imposed a fine in its oral pronouncement of Tillison's sentence. When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The State agrees that no fine was orally pronounced by the trial court during Tillison's sentencing. Accordingly, Tillison's third issue is sustained.

**VIOLATIONS OF COMMUNITY SUPERVISION**

In his last three issues, Tillison complains that the trial court abused its discretion in adjudicating Tillison's guilt based on a violation of conditions 34, 35, and 38 of his terms of community supervision. Condition 34 related to Tillison having no contact with a person under the age of 17 unless supervised by a person approved by the community supervision department; condition 35 related to Tillison participating in sex

offender counseling until successful discharge; and condition 38 related to Tillison submitting to random polygraph exams.

The decision to proceed to adjudication of guilt is reviewable in the same manner as a revocation of "ordinary" community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (West 2006); *Duncan v. State*, 321 S.W.3d 53, 56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We review a decision to revoke community supervision, and by extension a decision to adjudicate, for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Duncan*, 321 S.W.3d at 56-57. The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Further, the violation of a single condition of community supervision is sufficient to support a revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.") (quoting *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Thus, in order to prevail on appeal, an appellant must *successfully* challenge all the findings that support the revocation order. *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

At times, Tillison was under the supervision of the Dallas County Community Supervision and Corrections Department. While under Dallas County's supervision,

Tillison admitted to his community supervision officer that he had contact with a 17 year old minor, Tillison's niece, at Tillison's brother's party. Tillison's brother could not recall if Tillison was at the party. There was testimony, however, that at the time of the party, the niece would have been only 16 years old. This is enough to support the trial court's finding that Tillison violated condition 34, relating to Tillison having no contact with a person under the age of 17 unless supervised by a person approved by the department. Because proof by a preponderance of the evidence of only one violation is sufficient to support revocation, the trial court did not abuse its discretion in revoking Tillison's community supervision and adjudicating Tillison's guilt. Tillison's fourth, fifth, and sixth issues are overruled.

## CONCLUSION

Having determined the trial court did not abuse its discretion in revoking Tillison's community supervision and adjudicating Tillison's guilt but also having sustained Tillison's third issue regarding the imposition of a fine not orally pronounced at sentencing, we modify the trial court's judgment to delete the fine and affirm the judgment as modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed as modified
Opinion delivered and filed July 2, 2015
Do not publish
[CRPM]



Casey Tillison #1623717
Telford Unit
Co. Rd 4011
New Boston, Tx 75570



UNITED STATES POSTAL SERVICE.

Retail

**P**

US POSTAGE PAID
**$5.85**

Origin: 75149
Destination: 78711
0 Lb 5.80 Oz
Oct 01, 15
485860149-12                    1006

PRIORITY MAIL ®2-Day

Expected Delivery Day: 10/03/2015          B100

USPS TRACKING NUMBER

9505 5111 4918 5274 1754 17

Legal Paper
Do not Bend

Texas Court of Criminal Appeals
Attn. Abel Acosta, Capitel Station
P.O. Box 12308, Capitel Station
Austin, Tx 78711